IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| DARRELL GRAYSON, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | ) |
| | )   No. 2:06-cv-01032-WKW-CSC |
| RICHARD ALLEN, Commissioner, | ) |
| Alabama Department of Corrections, | ) |
| And GRANTT CULLIVER, Warden, | ) |
| Holman Correctional Facility | ) |
| | ) |
|     Defendants. | ) |

## DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT

Defendants, Richard Allen, in his official capacity as Commissioner of the Alabama Department of Corrections, and Grantt Culliver, in his official capacity as Warden of the Holman Correctional Facility, for their answer to the plaintiff's complaint state as follows:

### Response to Numbered Paragraphs

1. Defendants admit that plaintiff is an individual in the custody of the Alabama Department of Corrections and is currently incarcerated on death row at William C. Holman Prison in Atmore, Escambia County, Alabama. Defendants further admit that plaintiff purports to make a claim under 42 U.S.C. § 1983. Defendants deny any remaining allegation in paragraph 1 of the complaint.

2. Defendants do not contest subject-matter jurisdiction or jurisdiction over the person, to the extent plaintiff's claims are not barred by sovereign immunity.

3. Defendants do not contest venue.

4. Admitted.

5. Defendants admit that Richard Allen is the Commissioner of the Alabama Department of Corrections and that Grantt Culliver is the Warden of the Holman Correctional Facility in Atmore, Alabama. Defendants deny any remaining allegation in paragraph 5, deny that plaintiff has stated a claim against the Defendants in their individual capacity, and deny that plaintiff may sue fictitious parties in this Court.

6. Admitted.

7. Defendants admit that the Department of Corrections carries out executions. Defendants cannot at this time (before entry of an appropriate protective order) admit or deny, in a public document, any detail concerning Alabama's Confidential Execution Procedures Protocol, and deny the allegations of paragraph 7. Defendants further deny that execution by lethal injection is a medical procedure requiring the same safeguards and oversight as such procedures, and deny that execution by lethal injection is governed by rules and regulations applying to medical procedures.

8. Admitted, and Defendants state further that the written protocol is confidential.

9. Defendants cannot at this time (before entry of an appropriate protective order) admit or deny, in a public document, any detail concerning Alabama's Confidential Execution Procedures Protocol, and denies the allegations of paragraph 9. Defendants specifically deny that Alabama's method for carrying out a sentence of death by lethal injections causes or exposes a condemned person to an unnecessary risk of unconstitutional, unnecessary, or gratuitous pain or suffering, and defendants deny that lethal injection as administered in Alabama violates any party's constitutional rights. Defendants further deny that execution by lethal injection is a medical procedure requiring the same safeguards and oversight as such procedures, and deny that execution by lethal injection is governed by rules and regulations applying to medical

procedures.

10. Defendants cannot at this time (before entry of an appropriate protective order) admit or deny, in a public document, any detail concerning Alabama's Confidential Execution Procedures Protocol, and denies the allegations of paragraph 10. Defendants specifically deny that Alabama's method for carrying out a sentence of death by lethal injections causes or exposes a condemned person to an unnecessary risk of unconstitutional, unnecessary, or gratuitous pain or suffering, and defendants deny that lethal injection as administered in Alabama violates any party's constitutional rights. Defendants further deny that execution by lethal injection is a medical procedure requiring the same safeguards and oversight as such procedures, and deny that execution by lethal injection is governed by rules and regulations applying to medical procedures.

11. Denied.

12. Defendants cannot at this time (before entry of an appropriate protective order) admit or deny, in a public document, any detail concerning Alabama's Confidential Execution Procedures Protocol, and denies the allegations of paragraph 12. Defendants specifically deny that Alabama's method for carrying out a sentence of death by lethal injections causes or exposes a condemned person to an unnecessary risk of unconstitutional, unnecessary, or gratuitous pain or suffering, and defendants deny that lethal injection as administered in Alabama violates any party's constitutional rights. Defendants further deny that execution by lethal injection is a medical procedure requiring the same safeguards and oversight as such procedures, and deny that execution by lethal injection is governed by rules and regulations applying to medical procedures.

13. Defendants cannot at this time (before entry of an appropriate protective order)

admit or deny, in a public document, any detail concerning Alabama's Confidential Execution Procedures Protocol, and denies the allegations of paragraph 13.  Defendants specifically deny that Alabama's method for carrying out a sentence of death by lethal injections causes or exposes a condemned person to an unnecessary risk of unconstitutional, unnecessary, or gratuitous pain or suffering, and defendants deny that lethal injection as administered in Alabama violates any party's constitutional rights.  Defendants further deny that execution by lethal injection is a medical procedure requiring the same safeguards and oversight as such procedures, and deny that execution by lethal injection is governed by rules and regulations applying to medical procedures.

      14.     Denied.

      15.     Denied.

      16.     Defendants cannot at this time (before entry of an appropriate protective order) admit or deny, in a public document, any detail concerning Alabama's Confidential Execution Procedures Protocol, and denies the allegations of paragraph 16.  Defendants specifically deny that Alabama's method for carrying out a sentence of death by lethal injections causes or exposes a condemned person to an unnecessary risk of unconstitutional, unnecessary, or gratuitous pain or suffering, and defendants deny that lethal injection as administered in Alabama violates any party's constitutional rights.  Defendants further deny that execution by lethal injection is a medical procedure requiring the same safeguards and oversight as such procedures, and deny that execution by lethal injection is governed by rules and regulations applying to medical procedures.

      17.     Defendants cannot at this time (before entry of an appropriate protective order) admit or deny, in a public document, any detail concerning Alabama's Confidential Execution

Procedures Protocol, and denies the allegations of paragraph 17.  Defendants specifically deny that Alabama's method for carrying out a sentence of death by lethal injections causes or exposes a condemned person to an unnecessary risk of unconstitutional, unnecessary, or gratuitous pain or suffering, and defendants deny that lethal injection as administered in Alabama violates any party's constitutional rights.  Defendants further deny that execution by lethal injection is a medical procedure requiring the same safeguards and oversight as such procedures, and deny that execution by lethal injection is governed by rules and regulations applying to medical procedures.

18.    Defendants cannot at this time (before entry of an appropriate protective order) admit or deny, in a public document, any detail concerning Alabama's Confidential Execution Procedures Protocol, and denies the allegations of paragraph 18.  Defendants specifically deny that Alabama's method for carrying out a sentence of death by lethal injections causes or exposes a condemned person to an unnecessary risk of unconstitutional, unnecessary, or gratuitous pain or suffering, and defendants deny that lethal injection as administered in Alabama violates any party's constitutional rights.  Defendants further deny that execution by lethal injection is a medical procedure requiring the same safeguards and oversight as such procedures, and deny that execution by lethal injection is governed by rules and regulations applying to medical procedures.

19.    Defendants cannot at this time (before entry of an appropriate protective order) admit or deny, in a public document, any detail concerning Alabama's Confidential Execution Procedures Protocol, and denies the allegations of paragraph 19.  Defendants specifically deny that Alabama's method for carrying out a sentence of death by lethal injections causes or exposes a condemned person to an unnecessary risk of unconstitutional, unnecessary, or gratuitous pain

or suffering, and defendants deny that lethal injection as administered in Alabama violates any party's constitutional rights. Defendants further deny that execution by lethal injection is a medical procedure requiring the same safeguards and oversight as such procedures, and deny that execution by lethal injection is governed by rules and regulations applying to medical procedures.

20. Defendants cannot at this time (before entry of an appropriate protective order) admit or deny, in a public document, any detail concerning Alabama's Confidential Execution Procedures Protocol, and denies the allegations of paragraph 20. Defendants specifically deny that Alabama's method for carrying out a sentence of death by lethal injections causes or exposes a condemned person to an unnecessary risk of unconstitutional, unnecessary, or gratuitous pain or suffering, and defendants deny that lethal injection as administered in Alabama violates any party's constitutional rights. Defendants further deny that execution by lethal injection is a medical procedure requiring the same safeguards and oversight as such procedures, and deny that execution by lethal injection is governed by rules and regulations applying to medical procedures.

21. Defendants cannot at this time (before entry of an appropriate protective order) admit or deny, in a public document, any detail concerning Alabama's Confidential Execution Procedures Protocol, and denies the allegations of paragraph 21. Defendants specifically deny that Alabama's method for carrying out a sentence of death by lethal injections causes or exposes a condemned person to an unnecessary risk of unconstitutional, unnecessary, or gratuitous pain or suffering, and defendants deny that lethal injection as administered in Alabama violates any party's constitutional rights. Defendants further deny that execution by lethal injection is a medical procedure requiring the same safeguards and oversight as such procedures, and deny that

execution by lethal injection is governed by rules and regulations applying to medical procedures.

    22.    Defendants adopt and incorporate the foregoing paragraphs by reference.

    23.    Denied.

    24.    Denied.

    25.    Denied.

## Additional Defenses

    1.    Plaintiff has failed to state a claim on which relief may be granted.

    2.    Executions are not medical procedures.  Executions do not require the same care, regulation, monitoring or precautions as a medical or surgical procedure after which one is expected to regain consciousness and recover.

    3.    Plaintiff's claims are barred by sovereign immunity.

    4.    Plaintiff's claims are barred by waiver and estoppel.

    5.    Plaintiff's claims are barred by res judicata.

    6.    Plaintiff has unclean hands.

    7.    Plaintiff's claims are barred by laches and applicable statutes of limitation.

    8.    Plaintiff is not entitled to the relief he seeks.

    9.    Plaintiff is not a prevailing party and is not entitled to attorneys' fees.

    10.    The special circumstances of this case would make an attorneys' fee award to the plaintiff unjust.

    11.    The policy rationale supporting the *Rooker-Feldman* doctrine bars plaintiff's claims insofar as plaintiffs seek to overturn the judgment of the State court.

    12.    Plaintiff seeks an improper review by this Court of an adverse ruling in the state

courts of Alabama.

13. Plaintiff has failed to join one or more indispensable parties.

14. Plaintiff's claims are not ripe.

15. Plaintiff cannot prove any conceivable set of facts entitling him to relief as against the Defendants in their individual capacity.

16. Alabama's Confidential Execution Protocol does not call for the use of excessive force, sadistic acts, or malicious intent.

17. Alabama's Confidential Execution Protocol does not violate basic principles of human dignity or contemporary standards of decency and is not repugnant to the conscience of mankind.

18. Alabama's Confidential Execution Protocol does not amount to intentional, reckless indifference to acts violating any party's constitutional rights.

19. Any interest the plaintiff has in pursuing his claim is outweighed by the State's interest in the finality of duly adjudicated criminal judgments, the timely administration of death sentences, guarding against a flood of similar claims, and ensuring closure for victims and survivors.

    Respectfully submitted,

    **TROY KING (KIN047)**
    **ATTORNEY GENERAL**
    **BY:**

    **s/ J. Clayton Crenshaw**
    J. Clayton Crenshaw (CRE007)
    Assistant Attorney General

    **s/ James W. Davis**
    James W. Davis (DAV103)
    Assistant Attorney General

OF COUNSEL:
Office of the Attorney General
11 South Union Street
Montgomery, AL 36130
(334) 242-7300
(334) 353-8440 Fax
Email:  ccrenshaw@ago.state.al.us
        jimdavis@ago.state.al.us

## CERTIFICATE OF SERVICE

This is to certify that on the 29th day of September, 2006, a copy of the foregoing has been electronically filed with the Clerk of the Court using the CM/ECF system, which will electronically send a copy of the same to the following:

Richard S. Jaffe
Jaffe, Strickland & Drennan, P.C.
2320 Arlington Avenue
Birmingham, AL  35205
Richard@rjaffelaw.com

Stephen B. Bright
83 Poplar Street, N.W.
Atlanta, GA  30303
sbright@schr.org

OF COUNSEL

**S/ James W. Davis**
James W. Davis  (DAV103)
Assistant Attorney General
office of the Attorney General
11 South Union Street
Montgomery, AL 36130
(334) 242-7300
(334) 353-8440 Fax
Email:  jimdavis@ago.state.al.us