## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
## NORTHERN DIVISION

| | | |
|---|---|---|
| DARRELL GRAYSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:06-cv-01032-WKW-CSC |
| | ) | |
| RICHARD ALLEN, Commissioner, | ) | |
| Alabama Deparment of | ) | |
| Corrections, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS AND ALTERNATIVE MOTION FOR SUMMARY JUDGMENT REGARDING STATUTE OF LIMITATIONS

Pursuant to Rule 12(c) of the Federal Rules of Civil Procedure, Defendants Richard Allen, et al., respectfully move this Court to grant them judgment on the pleadings against the plaintiff, Darrell Grayson. In the alternative, pursuant to Rule 56 of the Federal Rules of Civil Procedure, defendants move this Court to enter summary judgment on their behalf, as there is no genuine issue as to any material fact and the defendants are entitled to a judgment as a matter of law. As demonstrated by a recent Sixth Circuit decision addressing when a death row inmate's § 1983 method-of-execution challenge accrues for statute-of-limitation purposes, see Cooey v. Strickland, ---F.3d----, 2007 WL 623482 (6th Cir. Mar. 2,

2007), Darrell Grayson's complaint should be dismissed because it was untimely filed under the relevant limitations period.

## I.    Background

Grayson filed a complaint under 42 U.S.C. § 1983 alleging that lethal injection, as presently administered, is unconstitutional under the Eighth and Fourteenth Amendments.   Doc. 1 at para. 1.   The complaint was filed on November 11, 2006, over four years after Grayson's federal collateral appeal of his capital murder conviction and death sentence concluded.   See Grayson v. Thompson, 257 F.3d 1194 (11th Cir. 2001), cert. denied, Grayson v. Thompson, 536 U.S. 964, 122 S.Ct. 2674 (2002).

The complaint does not contain any statements regarding why Grayson waited to file this § 1983 lawsuit four years after his federal habeas challenge concluded.  The complaint itself does not contain any language that indicates that Grayson is relying on newly discovered information or evidence.   In fact, the complaint appears (with respect) to be a "cookie-cutter" pleading that could have been filed years before.  It does not mention the eleven individuals who have been executed by lethal injection in Alabama, nor does it contain any allegations regarding those executions.

## II.    THE STATUTE OF LIMITATIONS RELATING TO GRAYSON'S 1983 COMPLAINT EXPIRED IN 2004

The Supreme Court has held that § 1983 claims are best characterized as tort actions for personal injury and that federal courts must borrow the statute of limitations governing personal injury actions from the State in which the § 1983 action was brought.   Wilson v. Garcia, 471 U.S. 261, 275-76, 105 S.Ct. 1938 (1985).  In Alabama, the general statute of limitations for personal injury actions is two years.  Ala. Code § 6-2-38(l).  Thus, the applicable statute of limitations for actions brought under § 1983 is two years.

The question then becomes, when did Grayson's cause of action challenging Alabama's method of execution accrue?  "Federal law determines when the statute of limitations begins to run; generally, the statute of limitations does not begin to run until the facts that would support a cause of action are apparent or should be apparent to a person with a reasonably prudent regard for his rights." Porter v. Ray, 461 F.3d 1315, 1323 (11th Cir. 2006)(quotation omitted).  Thus, "Section 1983 actions do not accrue until the plaintiff knows or has reason to know that he has been injured." Mullianax v. McElhenney, 817 F.2d 711, 716 (11th Cir. 1987)(citation omitted).   As will be demonstrated, Grayson's cause of action accrued when Alabama on July 1, 2002, changed its method of execution to lethal injection.  See Ala. Code 15-18-82.1 (2006 Cumulative Supplement)(noting the Act which added this section became effective on July 1, 2002).  Thus, Grayson's

3

complaint, which was filed on November 11, 2006, was filed over two and a half years after the governing statute of limitations expired.

The Sixth Circuit, in <u>Cooey v. Strickland</u>, ---F.3d----, 2007 WL 623482 (6th Cir. Mar. 2, 2007), recently determined when a death row inmate's § 1983 method-of-execution challenge accrues for statute-of-limitation purposes.[1]  In answering this question, the <u>Cooey</u> Court was "guided by the principle that a plaintiff has reason to know of his injury when he should have discovered it through the exercise of reasonable diligence."  Id., *3 (internal citation and punctuation omitted).  The Court stated that "the most logical choice of a triggering event is the point when the death penalty is ordered, upon judgment of conviction and sentence."  Id. at *5.  To support its conclusion, the <u>Cooey</u> Court cited a Fifth Circuit decision that holds that a method-of-execution claim may be raised any time after the inmate's conviction becomes final on direct appeal.  <u>Id.</u>, citing <u>Neville v. Johnson</u>, 440 F.3d 221, 222 (5th Cir. 2006).  In addition, the <u>Cooey</u> Court emphasized that this triggering date mirrored the one found in 28 U.S.C. § 2244(d)(1)(A): "upon conclusion of direct review in the state court or the expiration of time for seeking such review."  <u>Id.</u>, at *8.  Under that particular

---

[1] The <u>Cooey</u> case appears to be the only reported decision of a federal court addressing the issue of when a death row inmate's § 1983 method-of-execution challenge accrues for statute of limitation purposes.

4

triggering event, the inmate's claim in Cooey would have accrued in 1991, after the United States Supreme Court denied direct review.

Because Ohio didn't adopt lethal injection as a method of execution until 1993, or make it the exclusive method of execution until 2001, "the accrual date must be adjusted because Cooey obviously could not have discovered the injury until one of those two dates." Id., at *9. The Court didn't decide between the two dates because Cooey's claim was untimely under either. Id.

Applying the holding of <u>Cooey</u> to this case, Grayson's lawsuit should be dismissed because it was filed after the statute of limitations had expired. There are two triggering dates that this Court may use in determining when Grayson's cause of action accrued. The first is when Alabama changed its method of execution to lethal injection, which became effective on July 1, 2002. See Ala. Code § 15-18-82.1 (2006 Cumulative Supplement).[2] Using this triggering date, any claim filed after July 1, 2004, is untimely. The other possible triggering date is the date on which Grayson had an opportunity to affirmatively choose electrocution. See Ala. Code § 15-18-82.1 (2006 Cumulative Supplement)("The election for death by electrocution is waived unless it is personally made by the

---

[2] Because Grayson's direct review ended on October 7, 1985, when the United States Supreme Court denied certiorari review, <u>see</u> <u>Grayson v. Alabama</u>, 474 U.S. 865, 106 S.Ct. 189 (1985), that date is not available as a possible accrual date because Alabama at that time did not use lethal injection as a method of execution.

person in writing and delivered to the warden of the correctional facility within 30 days after the certificate of judgment pursuant to a decision by the Alabama Supreme Court affirming the sentence of death or, if a certificate of judgment is issued before July 1, 2002, the election must be made and delivered to the warden within 30 days after July 1, 2002.")  Grayson knew on July 31, 2002, when he did not affirmatively in writing select electrocution as a method of execution, that lethal injection was the method of execution that will be used by the State.  Hence, even applying this later triggering date, any claim relating to lethal injection should have been filed by July 31, 2004.

Under either triggering date, Grayson filed his complaint too late.  On the authority of Cooey, Grayson's complaint should be dismissed on statute-of-limitations grounds.

Wherefore, for the foregoing reasons, the defendants respectfully request this motion be granted.

Respectfully submitted,
TROY KING
ALABAMA ATTORNEY GENERAL


/s/  J. CLAYTON CRENSHAW
J. CLAYTON CRENSHAW
ASSISTANT ATTORNEY GENERAL

## CERTIFICATE OF SERVICE

This is to certify that on the 14th day of March, 2007, a copy of the foregoing has been electronically filed with the Clerk of the Court using the CM/ECF system, which will electronically send a copy of the same to the following:   **Stephen B. Bright and Richard S. Jaffe.**


/s/  J. CLAYTON CRENSHAW
J. CLAYTON CRENSHAW
ASSISTANT ATTORNEY GENERAL

OF COUNSEL:
Office of the Attorney General
11 South Union Street
Montgomery, AL 36130
(334) 242-7423 Office
(334) 353-3637 Fax
ccrenshaw@ago.state.al.us