IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| DARRELL GRAYSON, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | ) No. 2:06-cv-01032-WKW |
| | ) |
| RICHARD ALLEN, et al., | ) |
| | ) |
|     Defendants. | ) |

**DEFENDANTS' MOTION FOR SUMMARY DISMISSAL BASED ON THE DOCTRINE OF LACHES**

The defendant contends that the plaintiff's claims are due to be dismissed based on the doctrine of laches. A claim is barred by the doctrine of laches if the following three elements are present: "(1) a delay in asserting a right or a claim; (2) that the delay was not excusable; and (3) that there was undue prejudice to the party against whom the claim is asserted." <u>Kason Indus., Inc. v. Component hardware Group, Inc.</u>, 120 F.3d 1199, 1203 (11th Cir. 1997). The first two elements are met here for the reasons stated in defendants' earlier filings: Grayson knew or should have known of his claim in 2002 when his sentence changed to lethal injection by operation of law. Doc. 14 at 3-7, Doc. 18 at 3-4. The plaintiff could have asserted

his claim much earlier and there is no excuse for his having failed to do so.  See Docs. 14, 18.

The unreasonable delay has likewise caused defendants' undue prejudice.  The unreasonable delay by the plaintiff in filing his lethal-injection challenge impacts the State of Alabama's ability to carry out the duly-adjudicated sentence in this case.  The plaintiff's unreasonable delay in filing his lethal-injection challenge is inconsistent with the Supreme Court's holding that "[b]oth the State and the victims of crime have an important interest in the timely enforcement of a sentence."  Hill v. McDonough, 547 U.S. __, __, 126 S.Ct. 2096, 2104 (2006).  Alabama has a strong interest in proceeding with the judgment that Grayson be executed for the capital murder for which he was convicted.  The Supreme Court has recognized that in weighing equitable considerations, a court "must take into consideration the State's strong interest in proceeding with its judgments and … attempts at manipulation."  Nelson v. Campbell, 541 U.S. 637, 649, 124 S.Ct. 2117 (2004)(quotation omitted).  Alabama has a "significant interest in meting out a sentence of death in a timely fashion."  Id. at 644.

Similarly, the public has an interest in seeing Grayson held accountable for their crimes. Grayson, along with another person, brutally robbed, raped, and murdered Annie Laurie Orr, an 86-year-old widow, over 27 years ago. Grayson v. Thompson, 257 F.3d 1194 (11th Cir. 2001). Grayson's and his co-defendant's crimes were so despicable they were characterized by the Alabama Court of Criminal Appeals as the actions of "wild ravaging dogs of hell." Grayson v. State, 479 So. 2d 67, 75-76 (Ala. Crim. App. 1984).

Thus, the State and the victims of plaintiff's crimes have a recognized and powerful interest in the timely enforcement of the plaintiff's duly-adjudicated sentences. This interest is impeded, and thus prejudice is caused, by the plaintiff's unreasonable delay in filing his lethal-injection challenge. In addition, because of the plaintiff's unreasonable delay, the defendants suffer prejudice because of being forced to choose whether to delay even further in moving for an execution date, or procuring such a date and engaging in the inevitable, and expensive, litigation surrounding a motion for a stay of execution.

Thus, the plaintiff's claim is time-barred whether the appropriate analysis is the statute of limitations or the doctrine of laches.  The defendant adopts and incorporates Docs. 14 and 18, and the exhibits thereto, as if set forth fully herein.

                        Respectfully submitted,

                        **TROY KING (KIN047)**
                        **ATTORNEY GENERAL**
                        **BY:**

                        **s/ J. Clayton Crenshaw**
                        J. Clayton Crenshaw  (CRE007)
                        Assistant Attorney General

                        **s/ James W. Davis**
                        James W. Davis  (DAV103)
                        Assistant Attorney General

OF COUNSEL:
Office of the Attorney General
11 South Union Street
Montgomery, AL 36130
(334) 242-7300
(334) 353-8440 Fax
Email: ccrenshaw@ago.state.al.us
       jimdavis@ago.state.al.us

**CERTIFICATE OF SERVICE**

This is to certify that on the 24th day of April, 2007, a copy of the foregoing has been electronically filed with the Clerk of the Court using the CM/ECF system, which will electronically send a copy of the same to the following:

>Richard S. Jaffe
>Jaffe, Strickland & Drennan, P.C.
>2320 Arlington Avenue
>Birmingham, AL  35205
>Richard@rjaffelaw.com

>Stephen B. Bright
>83 Poplar Street, N.W.
>Atlanta, GA  30303
>sbright@schr.org

>OF COUNSEL

>**S/ J. Clayton Crenshaw**
>J. Clayton Crenshaw  (CRE007)
>Assistant Attorney General
>office of the Attorney General
>11 South Union Street
>Montgomery, AL 36130
>(334) 242-7300
>(334) 353-8440 Fax
>Email: ccrenshaw@ago.state.al.us