IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

RECEIVED
2007 APR 27 A 9:53
DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

| | |
|---|---|
| DARRELL GRAYSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Case No. 2:06-CV-01032-WKW |
| | ) |
| RICHARD ALLEN, Commissioner, | ) |
| And GRANTT CULLIVER, Warden, | ) |
| | ) |
| Defendants. | ) |

## OBJECTION TO TRIAL SETTING AND EXPEDITED DISCOVERY SCHEDULE

Defendants, Richard Allen, in his official capacity as Commissioner of the Alabama Department of Corrections, and Grantt Culliver, in his official capacity as Warden of the Holman Correctional Facility ("Defendants"), respectfully object to an expedited discovery schedule and to the expected commencement of trial on or around June 26, 2007. As set forth below, while Defendants are confident that Alabama's execution protocol passes constitutional muster and are not at all opposed to a court considering the procedures on the merits, Defendants object to *this Plaintiff* being allowed to go to trial when he filed suit so late in the day that the matter cannot realistically be litigated to conclusion (*i.e.*, discovery, summary judgment, trial, final judgment, appeal, certiorari) without issuance of a stay (and this Plaintiff is not entitled to a stay). Defendants further assert that they are prejudiced because Plaintiff's late filing has forced this case into a fast-track posture, setting a precedent that will likely be repeated over and over as future death row inmates file similar actions in an effort to delay their executions.

1

Defendants raise these objections respectfully and with full appreciation for the consideration the Court seems to have given the scheduling issue. Defendants are mindful that fast-track cases tax the resources of the Court as well as the parties and counsel. Clearly, there are cases where justice demands that the Court and counsel take extraordinary steps to reach a hearing on the merits, where the system must accommodate a death row inmate's claims even if asserted in the eleventh hour. Grayson, however, is not such an inmate, and this is not such a case. Defendants therefore object to the trial setting and the expedited schedule on the following grounds:

**1.    Grayson Could (and Should) Have Filed His Claims Years Ago.**

Grayson has already used the § 1983 device to delay his execution once, and he seeks to do so again. A chart, attached as Exhibit A, summarizes his various maneuvers through the justice system. Mr. Grayson was convicted of capital murder in 1982. For the next 20 years, he fought that conviction and death sentence on direct and collateral review. The State moved for an execution date in August, 2002. Grayson then filed a § 1983 action in November, 2002, and asked that the Alabama Supreme Court deny the motion to set a date of execution so that he could pursue his claim. Over three dissents, the Alabama Supreme Court declined to set an execution date and effectively stayed the execution. Grayson took his § 1983 action (unsuccessfully demanding access to certain evidence for DNA testing) all the way to the United States Supreme Court.

He could have brought this claim any time after 2002, when Alabama adopted lethal injection as the method of execution, and certainly could have included it in his earlier § 1983 lawsuit. Instead, he waited until November 11, 2006, just before the end of his earlier § 1983 suit, more than four years after the end of habeas review, and when he no doubt knew that the

State would soon move for another execution date.[1] There is no excuse – and Grayson has offered none – for not filing his claim earlier, and there is only a single reason for filing so late – to delay his execution. Again.

Eleventh Circuit law is clear: Plaintiffs may, and should, file § 1983 claims challenging lethal injection when they know or should know of their claim. See Diaz v. McDonough, 472 F.3d 849 (11th Cir. 2006), cert. denied, 127 S.Ct. 851 (2006) (holding that claimant was not entitled to a stay when he could have filed his claim as early as 2000); Rutherford v. McDonough, 466 F.3d 970 (11th Cir. 2006), cert. denied, 127 S.Ct. 465 (2006) (accord). Granted, Diaz and Rutherford filed days before their execution date, and Grayson was not as late as these other inmates. That does not change the fact that Grayson had the opportunity, and the duty, to bring his claims years before he did.

2.  **This Case Cannot Be Fully Considered Unless There Is a Stay of Execution, and Grayson Is Not Entitled To A Stay.**

The Eleventh Circuit has consistently denied requests for stays of execution when inmates could have brought claims in time to permit full consideration without any need to stay their executions. Hill v. McDonough, 464 F.3d 1256, 1258-59 (11th Cir. 2006); Rutherford v. McDonough, 466 F.3d 970, 973-74 (11th Cir. 2006); Diaz v. McDonough, 472 F.3d 849, 850-51 (11th Cir. 2006). This is such a case. No matter what accommodations are made to Grayson to expedite his claim, the case cannot realistically be completed before his July 26, 2007 execution date.

This Court has indicated that it expects to set a trial date of June 26, 2007. Defendants will work diligently to meet the Court's schedule, and in fact have worked with Plaintiff's

---

[1] Because the Alabama Supreme Court had effectively stayed Grayson's execution earlier when he filed that § 1983 lawsuit, pending a resolution of that action, it was appropriate for the State to move for a new execution date once that lawsuit was resolved.

3

counsel to use discovery from other cases in an attempt to move the case forward. Nonetheless, in a case where Plaintiff seeks depositions from fact witnesses, where each party will need to consult with experts and produce expert reports, and where the parties will be simultaneously litigating a motion to stay, Defendants question whether the necessary work can possibly be done by the trial date. It is, for example, difficult to see how there will be an opportunity in this time frame to complete fact and expert witness discovery and still have time, if the case so merits, to present dispositive motions to the Court. Defendants further question how complete the record can be when the parties litigate at this pace, regardless of the best efforts of all involved.

That said, even if this Court can rule on the merits before the trial date, the case will not (by a long-shot) be over when this Court rules. One party or the other will have the opportunity to appeal, and it is unimaginable that this Court's order will not be followed by an appeal to the Eleventh Circuit and a petition for writ of certiorari to the United States Supreme Court.

As Judge Thompson recognized in <u>Jones v. Allen</u>, this is not the type of case that can be squeezed into a few months:

> Jones maintains that this case can be resolved in this court on the merits within two to three months. The court finds such an assertion dubious. First, if the court were to find in favor of Jones on the merits, fashioning relief (that is, reviewing the State's adoption of a new protocol for lethal injection) would take much more than three months. Second, regardless of whether Jones prevailed or not, an appeal would be certain and would add months, if not years, to this litigation. As a result, the State would be looking at one or more years, beyond the 28 years that have already passed, before it could carry out its judgment of execution.

No. 2:06-cv-986-MHT-TFM, Doc. 86 at 36. Thus, while Defendants will do what is possible to comply with the Court's scheduling order, and while Defendants respect and appreciate the efforts the Court is making to accommodate the parties, the expedited schedule will not, in the end, alleviate the need for a stay to which Grayson is not entitled. The only conclusion is that Plaintiff did not file on a timely basis.

4

### 3.   This Lethal Injection Challenge is One of Many, and More Will Follow.

This case is one of six lethal-injection challenges currently pending in this District. See Jones v. Allen, No. 2:06-cv-986-MHT-TFM;[2] McNair v. Allen, 2:06-cv-695-WKW; Callahan v. Allen, 2:06-cv-919-WKW; Williams v. Allen, 2:07-cv-307-MEF; Siebert v. Allen, (case number not yet assigned, on information and belief). Since the United States Supreme Court clarified that method-of-execution claims are properly brought under § 1983, six Alabama death row inmates have reached the end of habeas review, and each has filed a virtually identical claim.

So will others. As other death row inmates complete their decades-long trek through the justice system, each will seek his own day in court to challenge Alabama's execution procedures. Even a ruling in favor of the Defendants in this case will not prevent us from repeating the same scenario again and again, rushing through a complex trial as the clock ticks down toward an execution date. In future actions Defendants will certainly argue res judicata, virtual representation, issue and claim preclusion, and any other doctrine available to prevent re-litigation of the same issues, but every death row inmate will inevitably claim that his case is different and that he is not precluded by the Court's judgment in this case. One inmate, for instance, might argue that he weighs more than Grayson and that a ruling that the dosages used in Mr. Grayson's execution were constitutionally sufficient does not mean that the Court must reach the same result in the new case.[3] Then that inmate will demand discovery, his own deposition of the Warden, etc., and each side will have to submit new expert reports. Not only

---

[2] The District Court's judgment denying Mr. Jones' motion to stay is currently on appeal in the Eleventh Circuit.

[3] While Defendants do not believe that any of these factors should change the Court's decision, inmates will undoubtedly argue that age, weight, vein structure, race, gender, history of drug use, or similar characteristics distinguish their cases and that the Court's judgment in this action therefore does not apply to them. Likewise, any change in personnel or the slightest change in procedure would, according to the inmates, presumably require the Court to start from scratch with each inmate's case.

will we be litigating the claim over and over again, but we will be doing so on an expedited basis, because each inmate will demand the same accommodations given to Mr. Grayson.

In short, even if this Court does rule on the merits of this particular case in the time allotted, there will not be time to conclude the appeals process, and Defendants have doubts as to whether the Court can resolve the larger issue with a ruling on the merits in this action. Expediting the schedule to fit Grayson's claim into the time left before his execution date will not create efficiencies down the road. Instead, Defendants fear it will create inefficiencies, because each inmate will attempt to bring the same claim on the eve of execution and because an expedited case requires more resources than a case on a standard track. The answer is not to expedite this case, but instead to require inmates to bring these claims at an earlier date.

4. **Defendants' Preferred Alternative Schedule**

In light of the fact that Grayson's case cannot realistically be litigated and appealed before the execution date, Defendants respectfully suggest an alternative approach. Instead of expediting the case and setting a trial before the execution date, Defendants ask that the Court first determine (1) if the case is due to be dismissed on statute of limitations or laches, and (2) whether Grayson is entitled to a stay of execution. If this Court determines that the case is not time-barred and that Grayson is entitled to a stay of execution, then the parties can litigate this matter on a schedule that will allow them to present a complete record to this Court.

If the Court determines that Grayson's claims are time-barred or that he is not entitled to a stay, that does not mean that this claim will never be heard. It means only that it must be brought by an inmate who is at a different stage in the process and who has not waited too late to file his claim. Death row inmates will then know that claims of this sort must be presented in

6

time to be decided before the execution date, and the Court and parties will not face an endless stream of expedited last-minute lawsuits.

For these reasons, Defendants respectfully object to an expedited schedule and to a trial setting before the date of execution. Defendants will comply with the Court's order to cooperate with Plaintiff's counsel and submit a proposed discovery schedule, and do so subject to these objections.

                              Respectfully submitted,

                              **TROY KING (KIN047)**
                              **ATTORNEY GENERAL**
                              **BY:**

                              J. Clayton Crenshaw  (CRE007)
                              James W. Davis  (DAV103)
                              Assistant Attorney General

OF COUNSEL:

Office of the Attorney General
11 South Union Street
Montgomery, AL 36130
(334) 242-7300
(334) 353-8440 Fax
Email: jimdavis@ago.state.al.us

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing has this 27th day of April, 2007, been furnished by United States Mail to the following:

<table>
<tr><td>Richard S. Jaffe<br>Jaffe, Strickland & Drennan, P.C.<br>2320 Arlington Avenue<br>Birmingham, AL 35205<br>Richard@rjaffelaw.com</td><td>Stephen B. Bright<br>83 Poplar Street, N.W.<br>Atlanta, GA 30303<br>sbright@schr.org</td></tr>
</table>

_____
OF COUNSEL

# EXHIBIT A

| Date | Event |
|---|---|
| December 23, 1980 | Grayson murders Annie Laura Orr. |
| June 3, 1982 | Grayson convicted of capital murder. |
| October 7, 1985 | End of direct appeal (U.S. Supreme Court denies cert.) (474 U.S 865). |
| October 15, 1996 | End of Rule 32 review. |
| June 28, 2002 | End of habeas review (U.S. Supreme Court denies cert.) (536 U.S. 964). |
| July 1, 2002 | Lethal injection becomes the method of execution in Alabama. |
| August 12, 2002 | State of Alabama files first motion in the Alabama Supreme Court requesting an execution date. |
| November 15, 2002 | Grayson files his first § 1983 action seeking production of evidence; fails to raise the claims asserted in this action. |
| March 27, 2003 | Grayson lodges objection to State's motion to set an execution date asking that the court withhold ruling "until disposition of the pending litigation." |
| May 22, 2003 | Alabama Supreme Court denies motion to set execution (over three dissents) "pending a ruling on the motion for DNA testing." |
| August 18, 2006 | Eleventh Circuit affirms district court order dismissing Grayson's complaint (460 F.3d 1328). |
| November 11, 2006 | Grayson files second § 1983 lawsuit challenging execution protocol. |
| January 8, 2007 | U.S. Supreme Court denies certiorari with respect to Grayson's first § 1983 suit. |
| January 22, 2007 | State of Alabama files second motion in the Alabama Supreme Court requesting an execution date. |
| April 23, 2007 | Alabama Supreme Court enters an order setting execution date of July 26, 2007. |