IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| DARRELL GRAYSON, | * |
| Plaintiff, | * |
| v. | * |
| RICHARD ALLEN, Commissioner, Alabama Department of Corrections, | * |
| GRANTT CULLIVER, Warden, Holman Correctional Facility, and | *   Case No. 2:06-CV-01032-WKW |
| OTHER UNKNOWN EMPLOYEES AND AGENTS, Alabama Department of Corrections, | * |
| Individually, and in their official capacities. | * |
| Defendants. | * |

**PLAINTIFF'S RESPONSE TO DEFENDANTS' OBJECTION TO TRIAL SETTING AND EXPEDITED DISCOVERY SCHEDULE**

This lawsuit was filed in November 2006. On April 25, 2007, this Court scheduled a trial for June 26, 2007, giving the parties a full two months to prepare and be ready. Moreover, because a month remains between the trial date and Mr. Grayson's date of execution, the trial will not be litigated under the "hydraulic pressure" of an immediately pending execution. Defendants have now filed an <u>Objection to Trial Setting and</u>

Expedited Discovery Schedule, Doc. 37 [herein "Objection"] arguing that Darrell Grayson is not entitled to a stay and thus should not be allowed to go to trial. Defendants then raise doubts about the ability of the parties to be ready for trial on June 26. Finally, Defendants suggest that Mr. Grayson can and should be denied a trial because there are others who could later litigate the claim.

The objections should be overruled and this Court should maintain its schedule. Defendants have made the same argument – that Mr. Grayson is not entitled to litigate his claims – in numerous motions and orally before this very Court. This Court has deferred decision of those motions and set a trial date. Instead of repeating the same arguments again and again, it is time for both parties to focus on preparing for the trial. Furthermore, as Mr. Grayson asserts in his Motion for Stay of Execution, this Court, having scheduled the trial well before Mr. Grayson's date of execution, need not reach the equitable question whether Mr. Grayson has shown a likelihood of succeeding on the merits because this Court will reach the actual merits of the issue. This Court should deny Defendants' Objection.

I.  **WHETHER MR. GRAYSON COULD HAVE FILED YEARS AGO IS IRRELEVANT TO THIS COURT'S ABILITY TO CONDUCT A TRIAL ON JUNE 26, 2007.**

Defendants have argued repeatedly – in the form of motions to dismiss based on expiration of the statute of limitation, the defense of laches, the appropriateness of granting an equitable stay of execution – that Mr. Grayson not be "allowed to go to trial when he filed suit so late in the day[.]" Objection, at p. 1. Defendants now raise the same argument in their Objection to this Court's setting of a trial date. This Court has ruled that it will decide those issues later, but that the parties should now prepare for a trial on the merits. There is nothing new in Defendants' Objection that remotely suggests that this Court has erred. Regardless of how long it has taken him to get here, there is time to determine, on the merits, whether Mr. Grayson is put at risk to suffer cruel and unusual punishment, and order a remedy if there is. Nor will proceeding with this trial effect the fact that Mr. Grayson will be put to death by the State of Alabama.

> Even if the Court were to hold an evidentiary hearing and Plaintiff were to prevail, Plaintiff would remain under a sentence of death. Neither the death penalty nor lethal injection as a means of execution would be abolished. At best, Plaintiff would be entitled to injunctive relief requiring the State to modify its lethal-injection protocol to correct the flaws Plaintiff has alleged.

3

Brown v. Beck, No. 5:06-CT-3018-H, 2006 WL 3914717, at *8 (E.D. N.C. April 7, 2006) (quoting Morales v. Hickman, 415 F. Supp. 2d 1037, 1046 (N.D. Cal. 2006)).

Defendants continue to rely on the same cases for the proposition that the "Eleventh Circuit has consistently denied requests for stays of execution when inmates could have brought claims in time to permit full consideration *without any need to stay their executions.*" Objection at 3[1] (emphasis added). The Defendants argue "This is such a case" id., but it is not. Those cases do not apply here because this Court has determined that it can try the single issue presented in this case a month before the execution is scheduled. The question whether Mr. Grayson is entitled to a stay of execution will decide itself, based on this Court's ruling on the merits of Mr. Grayson's claim. If Mr. Grayson succeeds in demonstrating that Alabama's method of execution by lethal injection presents the risk of cruel and unusual punishment, no one, never mind Mr. Grayson, should be executed. If he fails, he will not receive a stay of execution, and will be executed. There is no need to decide whether Mr. Grayson is entitled to a stay of execution when this Court will reach the merits of this important issue on June 26, 2007.

---

[1] Citing Diaz v. McDonough, 472 F.3d 849 (11th Cir. 2006), cert. denied, 127 S. Ct. 851 (2006); Rutherford v. McDonough, 466 F.3d 970 (11th Cir. 2006), cert. denied, 127 S. Ct. 465 (2006); Hill v. McDonough, 464 F.3d 1256 (11th Cir. 2006); Rutherford v. McDonough, 466 F.3d 970 (11th Cir. 2006).

II.   **THE SINGLE ISSUE IN THIS CASE IS NOT SO COMPLEX THAT IT CANNOT BE TRIED ON JUNE 26.**

The Defendants speculate that this case cannot reasonably be tried before the execution date. But this Court has determined that it can be tried on June 26, and with good reason. This case was filed in November 2006. It raises a single issue. Before it was filed, other cases were filed challenging lethal injection. The Defendants have undoubtedly become informed of the law and facts regarding the issue. Both Plaintiff and Defendants have agreed to a Revised Rule 26(f) Report that sets dates to ensure time for the parties to be adequately prepared to present their case.

Defendants speculate that the case will not be over when this Court rules due to appeals. But both parties are well aware of the process of expedited appellate review. Moreover, if Grayson does not succeed on the merits, because the evidence demonstrates that Alabama's execution process does not pose risk of unnecessary suffering, the protracted appellate process imagined by the Defendants would not take place. Simply, it is unimaginable that the Eleventh Circuit would stay Mr. Grayson's execution if this Court decides there is no merit to his claim. If Mr. Grayson proves that there is a risk that he would be subject to cruel and unusual punishment when being executed, no one, including the State, has an interest in

5

proceeding with an unconstitutional execution. If Alabama's process of execution poses a risk of unconstitutional punishment, the process should be stopped and fixed.

Plaintiff and Defendants have already exchanged substantial amounts of discovery. There is no reason the remaining discovery cannot be completed by the dates set forth in the Revised Rule 26(f) Report. Lawyers, especially capital lawyers, routinely handle matters on an expedited basis. This case is no different.

### III. SPECULATION ABOUT WHAT OTHERS MIGHT DO IS IRRELEVANT TO THE TRIAL DATE IN THIS CASE.

The Defendants also contend that Mr. Grayson can be cast aside because he is "One of Many, and More Will Follow." <u>Objection</u>, at p. 5. Mr. Grayson surely has the same interest in not suffering excruciating pain in the execution process as any other death-row inmate. Moreover, there is no precedent for denying a trial to one person just because others are available to later litigate the same issue. Such a consideration would be especially inappropriate in a capital case. There may be other, valid reasons to allow an execution to take place despite pending issues, but the fact the condemned man is "one of many" is not one of them.

The Defendants speculate that *every* death row inmate will inevitably bring a challenge to lethal injection even after the issue has been decided. What other death-row inmates may do is irrelevant to the trial date set by this Court in this case. Moreover, the suggestion that this will happen only if Mr. Grayson's case proceeds to the merits, but not if Mr. Grayson's case is cast aside, because he is "one of many, and more will follow," is illogical.

WHEREFORE, for the foregoing and such other reasons as may appear to this Court, Darrell Grayson prays that the Court overrule the objections made by Defendants and maintain a trial date of June 26, 2007.

Date: April 30, 2007

/s/ William R. Montross, Jr.

Stephen B. Bright, *pro hac vice*
William R. Montross, Jr., #MON-064
Southern Center for Human Rights
83 Poplar Street, NW
Atlanta, GA 30303
sbright@schr.org
wmontross@schr.org
Tel: 404-688-1202
Fax: 404-688-9440

Richard S. Jaffe
Jaffe, Strickland & Drennan, P.C.
2320 Arlington Avenue
Birmingham, AL 35205
Tel: 205-930-9800
Fax: 205-930-9809

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Plaintiff's Response to Defendants' Objection to Trial Setting and Expedited Discovery Schedule was filed on April 30, 2007, by using the CM/ECF system, which automatically provides notice to the following parties:

>Troy King
>Attorney General
>Office of the Attorney General
>11 South Union Street
>Montgomery, AL 36130
>
>J. Clayton Crenshaw
>Assistant Attorney General
>Office of the Attorney General
>11 South Union Street
>Montgomery, AL 36130
>
>James W. Davis
>Assistant Attorney General
>Office of the Attorney General
>11 South Union Street
>Montgomery, AL 36130

>/s/ William R. Montross, Jr.
>William R. Montross, Jr.