IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| DARRELL GRAYSON, | * |
| Plaintiff, | * |
| v. | * |
| RICHARD ALLEN, Commissioner, Alabama Department of Corrections, | * |
| GRANTT CULLIVER, Warden, Holman Correctional Facility, and | * Case No. 2:06-CV-01032-WKW |
| OTHER UNKNOWN EMPLOYEES AND AGENTS, Alabama Department of Corrections, | * |
| Individually, and in their official capacities. | * |
| Defendants. | * |

**PLAINTIFF'S MOTION IN OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY DISMISSAL BASED ON THE DOCTRINE OF LACHES.**

Plaintiff, by and through counsel, hereby opposes Defendant's Motion for Summary Dismissal Based on the Doctrine of Laches, [Doc. # 27] (hereinafter, "Defendants' Motion"). Defendants' Motion is due to be denied for the following reasons:

As an initial matter, Defendants attempt to have it both ways by first asserting a defense based on the statute of limitations and now asserting a defense of laches. If

there is an applicable statute of limitations, the defense of laches is generally not available. *See* <u>Lyons P'ship, L.P. v. Morris Costumes</u>, Inc., 243 F.3d 789, 798 (4th Cir. 2001) ("when considering the timeliness of a cause of action brought pursuant to a statute for which Congress has provided a limitations period, a court should not apply laches to overrule the legislature's judgment as to the appropriate time limit to apply for actions brought under the statute "); <u>Shouse v. Pierce County</u>, 559 F.2d 1142, 1147 (9th Cir. 1977) (noting it is extremely rare for the doctrine of laches to bar a Section 1983 claim before the analogous statute of limitations has run). Defendants have argued repeatedly that the statute of limitations bar Mr. Grayson's claim; Plaintiff assumes, as should this Court, that by raising the defense of laches, Defendants have now abandoned their statute of limitations argument. Notably, Defendants cite to no case law where laches has barred a Section 1983 claim challenging lethal injection. The only two cases Plaintiff has located where the courts, in the context of a challenge to a State's lethal-injection proceedings, have even considered the arguments of latches, it was rejected by both courts. *See* <u>Patton v. Jones</u>, No. CIV-06-0591-F, 2006 WL 2246441 (W.D. Okla. Aug. 4, 2006) ("The laches defense raises fact questions regarding the

2

existence of any delays, the reasons for any such delays, the prejudice created by any delays, and the balance of equities. These issues cannot be determined on a motion to dismiss. Accordingly, defendants' motion to dismiss this action based on laches should be denied."); <u>Nooner v. Norris</u>, NO. 5:06-cv-0110-SWW at 7 (E.D. Ark. June 19, 2006) ("In this case, the allegations in the complaint do not confirm the existence of an unreasonable delay on the part of Nooner or Davis in commencing suit, or resulting prejudice to Defendants. Furthermore, Defendants provide no additional evidence to support their defense. The Court has no means, at this time to determine whether Plaintiffs' claims are barred by laches.")[1]

Not only do Defendants ignore the incongruity of their positions, ignore case law holding that the defense of laches is inapplicable in Section 1983 lethal-injection suits, and ignore the fact that there is no procedural rule that even permits this motion, Defendants do not, and can

---

[1] It is worth noting that the Defendants' Motion fails to cite to any Federal Rule of Civil Procedure as a basis for their Motion. Nevertheless, whether the basis is a motion to dismiss or summary judgment, both are inappropriate in this case. See, e.g., <u>Carell v. Shubert Org., Inc.</u>, 104 F. Supp. 2d 236, 263 (S.D.N.Y. 2003) ("The defense of laches is not appropriately raised in a motion to dismiss, unless 'it is clear on the face of the complaint and plaintiff can prove no set of facts to avoid the insuperable bar.'"); Bratton v. Bethlehem Steel Corp., 649 F.2d 658, 666-67 ("Laches questions are seldom susceptible of resolution by summary judgment, because 'where laches is raised as a defense 'the factual issues involved . . . can rarely be resolved without some preliminary evidentiary inquiry.'")

3

not, carry their burden to establish the elements of the doctrine of laches. The equitable doctrine of laches, if applicable to this suit, requires Defendants to demonstrate that (1) plaintiff has delayed in asserting his claim; (2) that the delay was not excusable; and (3) that as a result of this delay, defendants have suffered "undue prejudice." Citibank, N.A. v. Citibanc Group, Inc., 724 F.2d 1540, 1546 (11th Cir. 1984); Commercial Union Ins. Co. v. Sepco Corp., 300 F. Supp. 2d 1198, 1207 (N.D. Ala. 2004) ("Laches only applies if the alleged delay in asserting a claim is both (i) inexcusable and (ii) has resulted in undue prejudice to the opposing party.") As Plaintiff's have already set forth in prior briefing [DOC #18 & DOC #48], and summarize briefly below, Plaintiff did not delay in asserting his challenge to lethal injection. Plaintiff filed when his claim was ripe for adjudication. In addition, since this Court has set a trial date of June 26, 2007—a date a month in advance of Mr. Grayson's execution date—to consider Mr. Grayson's claim on the merits, Defendants cannot demonstrate any "undue prejudice" to its interest of carrying out its judgments.

Lastly, this Court is vested with the "sound discretion" to determine the application of laches. Commercial Union Ins. Co., 300 F. Supp 2d at 1208 (citation

omitted). This Court should refuse Defendants' invitation to set up yet another hurdle to the litigation of this case on the merits. The State does not have any legitimate interest in carrying out an execution that may violate the Eighth Amendment by subjecting Mr. Grayson to the unnecessary risk of pain during execution. If the State was truly interested in expeditiously carrying out executions by lethal injection and serving the public interest then the State would promptly take steps to demonstrate that its procedures do not violate the Constitution.

I.  **Mr. Grayson Did Not Delay In Asserting His Claim Against Lethal Injection.**

To this day, it is incomprehensible that Defendants continue to assert that Mr. Grayson had substantial opportunities to raise his claim at any number of earlier times. It is true, in Judge Thompson's opinion in Jones v. Allen, Opinion, No. 2:06-cv-986-MHT (April 17, 2007), that the court suggests that Jones could have, and should have, filed his § 1983 claim while he was simultaneously litigating his pending federal habeas corpus claims. Whether Judge Thompson was correct in reaching that conclusion is not at issue in this pleading. But in Mr. Grayson's case, that was a factual impossibility. Mr.

Grayson's Petition for Writ of Habeas Corpus was terminated when the United States Supreme Court denied certiorari on June 28, 2002. However, Alabama did not adopt lethal injection as its method of execution until July 1, 2002. Therefore, throughout the entire process of Mr. Grayson's petition for writ of habeas corpus, death by means of lethal injection was simply not an issue in the State of Alabama. And when the United States Supreme Court denied certiorari on his federal petition, there was no chance to amend the petition, no chance to include a new claim, and no chance to bring a challenge to Alabama's new method of execution.

Defendants continue to fail to explain how Mr. Grayson could have thereafter pursued this claim, prior to the United States Supreme Court's opinion in Hill v. McDonough, 126 S. Ct. 2096 (2006). Prior to that decision, the Eleventh Circuit held strictly to the position that a condemned inmate could not bring a § 1983 suit challenging the methods of his execution. See, e.g., Hill v. Crosby, 437 F.3d 1084 (11th Cir. 2006); Rutherford v. Crosby (Rutherford I), 438 F.3d 1087 (11th Cir. 2006); Robinson v. Crosby, 358 F.3d 1281, 1284 (11th Cir. 2004); Fugate v. Dep't of Corr., 301 F.3d 1287, 1288 (11th Cir. 2002). Any suit brought by Mr. Grayson, prior to the United States

Supreme Court's decision would have been dismissed. This is Mr. Grayson's <u>first</u> opportunity to raise this claim.

Defendants' position is even more incongruous when compared to plaintiffs McNair and Callahan, whose § 1983 lethal-injection challenges are also before this Court. Like Jones, McNair and Callahan had pending federal habeas corpus petitions, in federal district court, at the time that Alabama instituted lethal injection as its method of execution. <u>McNair v. Campbell</u>, 307 F. Supp. 2d 1277 (M.D. Ala 2004); <u>Callahan v. Haley</u>, 313 F. Supp. 2d 1252 (M.D. Ala. 2004). But no death warrant has been issued against them. Just as absurd is the claim that Mr. Grayson acted in a dilatory matter.

Plaintiff has already set forth in <u>Plaintiff's Response to Defendants' Motion for Judgment on the Pleadings and Alternative Motion for Summary Judgment Regarding Statute of Limitations</u> [Doc. #18], his arguments regarding the fact that Plaintiff did not delay in raising his challenge to Alabama's method of lethal injection and the reasons why both Defendants' Motion for Judgment on the Pleadings and Defendants' Motion for Summary Judgment should be denied. Mr. Grayson asserted his claim when it was ripe and when he had an available vehicle for doing so. Plaintiff hereby incorporates his response to Defendants'

7

prior motions for dismissal, as though fully incorporated herein.

**II. Defendants' Are Unable to Demonstrate Undue Prejudice.**

Defendants are unable to demonstrate—as they must to carry their burden—that they are unduly prejudiced by Plaintiff's actions. *See* <u>Commercial Union Ins. Co. v. Sepco Corp.</u>, 300 F. Supp. 2d 1198, 1208 (N.D. Ala. 2004) ("Material prejudice resulting from the delay is essential.") Defendants incorrectly assert that Plaintiff's filing of a challenge to lethal injection "impacts" the State's ability to carry out Mr. Grayson's execution. (Defendants' Motion at 2). The State will have its day. The State petitioned the Alabama Supreme Court for a date of execution and the Supreme Court issued a warrant for Mr. Grayson's execution to take place on July 26, 2007. Between now and then, this Court can decide Mr. Grayson's claim on the merits and Defendants can put on its case.

There is no question that the State will execute Mr. Grayson; the single issue in this case is whether the method of execution employed by Defendants is constitutional. If it is, there will be no delay. If it is not, the delay, if any, will only be long enough to cure the infirmities of Defendants' method of execution. It defies any notion of justice for the State to imply that it

has a legitimate interest in carrying out an execution by unconstitutional means. (Defendants' Motion at 3). Moreover, the issue as to whether a stay of execution may be appropriate at a later date is before this Court on Plaintiff's Motion for a Stay of Execution.

    For the foregoing reasons this Court should deny Defendants' Motion.

Date: May 1, 2007

/s/ William R. Montross, Jr.
Stephen B. Bright, *pro hac vice*
William R. Montross, Jr., #MON-064
Melanie Velez, *pro hac vice*
Southern Center for Human Rights
83 Poplar Street, NW
Atlanta, GA 30303
sbright@schr.org
wmontross@schr.org
Tel: 404-688-1202
Fax: 404-688-9440

Richard S. Jaffe
Jaffe, Strickland & Drennan, P.C.
2320 Arlington Avenue
Birmingham, AL 35205
Tel: 205-930-9800
Fax: 205-930-9809

**CERTIFICATE OF SERVICE**

I hereby certify that I caused a copy of *Plaintiff's Response to Defendants' Motion for Summary Dismissal based on the Doctrine of Laches* to be served via the CM/ECF system upon the following:

> Troy King
> Attorney General
> Office of the Attorney General
> 11 South Union Street
> Montgomery, AL 36130
>
> J. Clayton Crenshaw
> Assistant Attorney General
> Office of the Attorney General
> 11 South Union Street
> Montgomery, AL 36130
>
> James W. Davis
> Assistant Attorney General
> Office of the Attorney General
> 11 South Union Street
> Montgomery, AL 36130

/s/ William R. Montross, Jr.
William R. Montross, Jr.