IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| DARRELL GRAYSON, | * | |
| Plaintiff, | * | |
| v. | * | |
| RICHARD ALLEN, Commissioner, Alabama Department of Corrections, | * | |
| GRANTT CULLIVER, Warden, Holman Correctional Facility, and | * | Case No. 2:06-CV-01032-WKW |
| OTHER UNKNOWN EMPLOYEES AND AGENTS, Alabama Department of Corrections, | * | |
| Individually, and in their official capacities. | * | |
| Defendants. | * | |

**UNOPPOSED, WITH ONE EXCEPTION, PLAINTIFF'S MOTION
FOR A COURT ORDER COMPELLING PRODUCTION OF
DOCUMENTS FROM THE ALABAMA DEPARTMENT OF
FORENSIC SCIENCES**

Plaintiff moves this Court for an Order, commanding the Alabama Department of Forensic Sciences to provide forthwith materials in their possession, including, but not limited to, any reports, documents, photographs and videos, or any other information, related to post-execution medical examinations conducted on Alabama inmates following their death

by lethal injection. Counsel for Plaintiff and Defendants have spoken regarding this discovery, and have agreed on production without objection on all but one of the forms of discovery, and submit this Motion as unopposed as to those items: documents, records, photographs (color and/or black and white). Plaintiff and Defendants disagree as to production of video, for reasons stated below. In support of this Motion, undersigned counsel states as follows:

    1.    On review of discovery provided by the State of Alabama in the above-captioned case, specifically, autopsy reports of various inmates executed by the State of Alabama by the method of lethal injection, it became apparent that the Alabama Department of Forensic Sciences purported to maintain in their possession additional documents, photographs, and video produced as a result of the examinations of the eleven executed inmates, thus far not produced in the discovery process. See, e.g., Exhibit A (Redacted autopsy of Inmate 1) & Exhibit B (Redacted autopsy of Inmate 2) (Both exhibits indicate that video was taken during the autopsy of inmates executed by lethal injection and "maintained for an indefinite period of time").

    2.    Undersigned counsel contacted the Alabama Department of Forensic Sciences, which indicated its willingness to release all

documentation, including color photographs and videos of the autopsies, upon receipt of a court order signed by this Court.

    3.    Undersigned counsel contacted the Office of the Attorney General, and spoke with Mr. Jim Davis, Esq., in order to inquire whether Defendants would join in this Motion to the Court. In the interest of time, the parties have agreed that the Defendants' objection to a portion of the order may be set forth in this pleading. Mr. Davis informed Plaintiff's counsel that Defendants would have no objection to Plaintiff's request for records and photographs from the Department of Forensic Sciences. However, Mr. Davis indicated that the State could not agree to the production of the videotape. Defendants assert two separate objections. First, Mr. Davis represented that Clay Crenshaw, one of the attorneys for the Defendants, had spoken to the Director of the Alabama Department of Forensic Services, who represented to him that no video exists. Second, if videotape does exist, the State asserts its objection that the videotape is cumulative to other discovery produced and/or irrelevant to this matter. "The Defendants note that if such videos exist, they would be videos of autopsy procedures, not of the execution processes at issue, and that the same information could be gathered by an examination of the photographs to which the State does not object. Therefore, the Defendants contend, the

information has limited value and could be procured by less expensive and less gruesome means." Plaintiff's response was, and remains, that paperwork produced at or near the time of the autopsy indicates that videotape was taken and maintained and that this Court should Order its production; if the Department has the tape, they should be produced, if they do not have the tapes, they should inform counsel, for each party, by letter, of all efforts undertaken to locate the video. Plaintiffs offer to cover the costs of production of the requested materials

4. Regarding the State's argument that the videotape, if found, is cumulative or irrelevant, Plaintiff responds by asserting that any such determination can only be made after the videotapes are produced, and that objections of relevancy and cumulative are best reserved as trial matters. Plaintiff also asserts that the videotapes are directly relevant to the matter at hand: the method of lethal injection as used in Alabama. Plaintiffs further aver that, after review, five autopsy reports appear to be missing; videotapes of those autopsies therefore, cannot be cumulative.

5. Attached is a proposed Order, including the reference (autopsy) numbers of each of the eleven inmates.

WHEREFORE, counsel for Plaintiff requests that this Court issue an Order requiring production of all documents, including color photographs and videos, in possession of the Alabama Department of Corrections related to all eleven inmates identified.

Date: May 4, 2007

/s/ William R. Montross, Jr.

William R. Montross, Jr., #MON-064
Stephen B. Bright, *pro hac vice*
Melanie Velez, *pro hac vice*
Southern Center for Human Rights
83 Poplar Street, NW
Atlanta, GA 30303
sbright@schr.org
wmontross@schr.org
mvelez@schr.org
Tel: 404-688-1202
Fax: 404-688-9440

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| DARRELL GRAYSON, | * | |
| Plaintiff, | * | |
| v. | * | |
| RICHARD ALLEN, Commissioner, Alabama Department of Corrections, | * | |
| GRANTT CULLIVER, Warden, Holman Correctional Facility, and | * | Case No. 2:06-CV-01032-WKW |
| OTHER UNKNOWN EMPLOYEES AND AGENTS, Alabama Department of Corrections, | * | |
| Individually, and in their official capacities. | * | |
| Defendants. | * | |

**COURT ORDER COMPELLING PRODUCTION**

On review of the foregoing Unopposed Motion for Court Order Compelling Production, and finding GOOD CAUSE forthwith, this Court ORDERS that the Alabama Department of Forensic Sciences produce, <u>within five (5) business days</u>, any and all documentation and reports, including photographs and video, maintained by, or in the possession of the Department regarding the following individuals and/or case numbers to counsel for Plaintiff and Defendants:

**Anthony Keith Johnson**; case number: **03MB01276**

**Michael Eugene Thompson**; case number: **03MB03215**

**Gary Leon Brown**; case number: **03MB03997**

**Tommy Jerry Fortenberry**; case number: **03MM00399**

**James Barney Hubbard**; case number: **04MB06507**

**David Kevin Hocker**; case number: **04MB07526**

**Mario Centobie**; case number: **05MB04536**

**George Sibley**; case number: **05MB06580**

**Jerry Paul Henderson**; case number: **05MB05261**

**John W. Peoples**; case number: **05MB07599**

**Larry Hutcherson**; case number: **07MB00528**

To the extent that the Alabama Department of Forensic Sciences is unable, after thorough review and/or search, to provide any of the documents (including photographs and videos) ordered by this Court, the Department is to notify counsel for both parties, by letter, what documents, particular to each case, could not be produced and what efforts the Department made to find them.

SO ORDERED, this ____ day of May, 2007

_____
The Honorable W. Keith Watkins
Judge, United States District Court for
the Middle District of Alabama

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Plaintiffs' Motion for Order Compelling Production was filed on May 4, 2007, by using the CM/ECF system, which automatically provides notice to the following parties:

>Troy King
>Attorney General
>Office of the Attorney General
>11 South Union Street
>Montgomery, AL 36130
>
>J. Clayton Crenshaw
>Assistant Attorney General
>Office of the Attorney General
>11 South Union Street
>Montgomery, AL 36130
>
>James W. Davis
>Assistant Attorney General
>Office of the Attorney General
>11 South Union Street
>Montgomery, AL 36130

/s/ William R. Montross, Jr.
William R. Montross, Jr.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| DARRELL GRAYSON, | * |
| | * |
| Plaintiff, | * |
| | * |
| v. | * |
| | * |
| RICHARD ALLEN, Commissioner, | * |
| Alabama Department of Corrections, | * |
| | * |
| GRANTT CULLIVER, Warden, | *   Case No. 2:06-CV-01032-WKW |
| Holman Correctional Facility, and | * |
| | * |
| OTHER UNKNOWN EMPLOYEES | * |
| AND AGENTS, | * |
| Alabama Department of Corrections, | * |
| | * |
| Individually, and in their | * |
| official capacities. | * |
| | * |
| Defendants. | * |

**INDEX OF EXHIBITS TO
UNOPPOSED, WITH ONE EXCEPTION, PLAINTIFF'S MOTION
FOR A COURT ORDER COMPELLING PRODUCTION OF
DOCUMENTS FROM THE ALABAMA DEPARTMENT OF
FORENSIC SCIENCES**

EXHIBIT A:   Department of Forensic Sciences Memorandum to File, dated March 24, 2003.

EXHIBIT B:   Department of Forensic Sciences Memorandum to File, dated July 25, 2003.

**EXHIBIT A**



ALABAMA
DEPARTMENT OF FORENSIC SCIENCES

P.O. BOX 7925
MOBILE, ALABAMA 36670
(251) 471-7026

2451 FILLINGIM ST.
MOBILE, ALABAMA 36617
FACSIMILE (251) 470-5816

March 24, 2003

Case #: 03#MB01276

Subject: ▓▓▓▓▓▓▓▓▓▓

Memorandum: To File ▓▓▓▓▓▓▓▓▓▓

From: ▓▓▓▓▓▓▓▓▓▓

Re: Evidence Disposition

The following items will be retained for an indefinite period of time for reference:

A-1 Color still photographs

A-2 Video

A-3 Fingerprints

A-4 Tissue

A-8 Blood Stain Card

A-9 Histology

Tissue samples will be maintained in formalin for two years.

Toxicological specimens will be maintained for approximately six months.

If for any reason, a party has a legitimate reason for having these specimens retained longer, then please notify the Laboratory as soon as possible.

The body diagrams will be retained as an integral part of the autopsy report.

All other items of evidence either have been or will be transferred to the appropriate forensic science section or have or will be returned to the appropriate law enforcement agency.

CONFIDENTIAL

**EXHIBIT B**



ALABAMA
# DEPARTMENT OF FORENSIC SCIENCES

P.O. BOX 7925
MOBILE, ALABAMA 36670
(251) 471-7026

2451 FILLINGIM ST.
MOBILE, ALABAMA 36617
FACSIMILE (251) 470-5816

July 25, 2003

Re: Case No. 01(A)-03MB-03997

 Subject

Memorandum: To file.

By: 

Subject:      Evidence Disposition

The following evidence will be maintained for an indefinite period of time for reference:

    A1-    color still photos
    A2-    video
    A3-    fingerprints
    A8-    blood stain card
    A9-    histology

The following toxicology evidence will be maintained 6 months after the date of case finalization:

    A5-    blood
    A6-    urine
    A7-    vitreous

Tissue samples (A4) will be maintained in formalin for two years after the case finalization date.

If a legitimate reason exists for having tissue or toxicologic specimens retained longer, please notify the Region IV Laboratory in Mobile as soon as possible.

Body diagrams, generated at the time of autopsy, will be maintained as an integral component of the autopsy protocol.

Other items of evidence either have been or will be transferred to the appropriate section for analysis; and have been or will be returned to the investigating agency.

CONFIDENTIAL