# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
### NORTHERN DIVISION

DARRELL GRAYSON,              )
                         )
   Plaintiff,    )
                         )
v.                            )
                         )    No. 2:06-cv-01032-WKW-CSC
RICHARD ALLEN, Commissioner,  )
Alabama Department of Corrections, )
And GRANTT CULLIVER, Warden,  )
Holman Correctional Facility  )
                         )
   Defendants.   )

## DEFENDANTS' NOTICE OF FILING

Defendants Richard Allen, Commissioner, and Grantt Culliver, Warden, give notice of filing of the attached Motion to Reset Grayson's Execution Date. This motion was filed in the Alabama Supreme Court on May 7, 2007.

Respectfully submitted,

**TROY KING (KIN047)**
**ATTORNEY GENERAL**
**BY:**


/s/  J. Clayton Crenshaw
J. Clayton Crenshaw  (CRE007)
Assistant Attorney General

/s/  James W. Davis
James W. Davis  (DAV103)
Assistant Attorney General

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on May 8, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:  **Richard S. Jaffe and Stephen B. Bright**


/s/  J. Clayton Crenshaw
J. Clayton Crenshaw
Assistant Attorney General


OF COUNSEL:
Office of the Attorney General
11 South Union Street
Montgomery, AL 36130
(334) 242-7300
(334) 353-8440 Fax
Email: ccrenshaw@ago.state.al.us
        jimdavis@ago.state.al.us

## IN THE SUPREME COURT OF ALABAMA

EX PARTE DARRELL GRAYSON     )
                                 )

In re: Darrell Grayson,       )
                                 )

    Petitioner,             )
                                 )

v.                            ) No. 1830756
                                 )

State of Alabama,           )
                                 )

    Respondent.            )

### STATE OF ALABAMA'S MOTION TO RESET EXECUTION DATE

Darrell Grayson ("Grayson") is scheduled to be executed by the State of Alabama on July 26, 2007. This Court set the execution in an order entered on April 23, 2007. In that order, the Court set Grayson's execution date 93 days out, _i.e._, 93 days from the entry of the execution order itself. Because the Court's routine practice has been to set executions 30-44 days from the entry of the order fixing the execution date, the State respectfully requests this Court to reset Grayson's execution date in accordance with this Court's established practice. Specifically, the State requests this Court to reset the execution date on a date before July 26, 2007. In support, the State submits the following:

1.  <u>This Court's Execution-Date Practice.</u>

Alabama Rule of Appellate Procedure 8(d)(1) allows this Court to set an execution for "not less than 30 days from the date of the order" fixing the execution date.  In other words, the execution must be scheduled for at least 30 days after the entry of the order setting the execution date. The State attaches as Exhibit A the last eight execution orders entered by this Court that resulted in the execution of an inmate.  These orders demonstrate that this Court routinely sets execution dates anywhere from 30 days from the entry of the execution order (see David Hocker order) to a <u>maximum</u> of 44 days from the entry of the execution order (see James Barney Hubbard order).

Recently, and without any explanation, this Court starkly departed from its prior practice when it set Aaron Jones's execution 74 days from the entry of the execution order.[1]  The Court departed even further from established practice when it set Darrell Grayson's execution for 93 days from the entry of the execution-date order.  As detailed in the attached affidavit, the State understands that this Court took the action it did in Grayson's case at

_____

[1] Aaron Jones was executed on May 3, 2007.

the request of some or all of the United States District Judges on the Middle District of Alabama. See Exhibit B (Affidavit of Clay Crenshaw). Specifically, the State understands that this Court altered its existing practice in order to accommodate the federal judges' request for more time, presumably so as to allow litigation of § 1983 lethal-injection actions without the need for stays of execution. The State further understands that before this Court set Grayson's execution for July 26, 2007, it had come to an agreement that the execution would be set for June 7, 2007. See Exhibit B, C (internet article written by Phillip Rawls).

The State respectfully – but strongly – objects to this new practice of setting dates so far out into the future. The State concedes, of course, that this Court has the discretion to set the execution date at any point 30 days after the entry of the execution order.[2] But in so starkly

---

[2] In this case, the State filed on January 22, 2007, a motion requesting an execution date for Darrell Grayson. This Court entered the order setting the execution on April 23, 2007. Thus, taking into account the amount of time it took for this Court to enter the execution order, the execution is set six months from the State's motion requesting an execution date.

3

departing from settled practice (upon which the parties and the public have come to rely) and extending execution dates with the express purpose of alleviating the need for complaining inmates to seek federal-court stays, this Court, with respect, runs the risk of abusing that discretion. This Court's new practice – of extending execution dates without explanation – amounts to an implicit, across-the-board stay for all inmates raising lethal-injection challenges. The practice is problematic because it undercuts one of the key criteria by which federal courts judge the propriety of inmates' § 1983 complaints – namely, whether they were brought in time to allow for litigation <u>without the need for a stay</u>.[3] <u>See Jones v. Allen</u>, ---F.3d----, 2007 WL 1225393, *4 11th Cir. Apr. 27, 2007)("We are mindful that the proper query in this case is whether Jones could have brought his claim 'at such time as to allow consideration of the merits without requiring entry of a stay.'")(quoting <u>Nelson v. Campbell</u>,

---

[3] Thus, the State's objection is not just about timing for timing's sake, nor does the State want or expect a rush to judgment. The State, of course, has a recognized interest in the timely enforcement of its judgments. <u>See Hill v. McDonough</u>, 126 S.Ct. 2096, 2104 (2006). The point here is that federal courts, in deciding whether or not to grant a requested stay of execution, must evaluate whether the merits of the challenge can be determined without requiring entry of a stay of execution.

541 U.S. 637, 650 (2004)).  By effectively giving, <u>sub silentio</u>, all inmates a 30-60 day stay (relative to this Court's established practice), this Court undermines and interferes with existing federal-court doctrine and practice.

The point here is that these cases, which are litigated through three levels of state and federal court review, should be set in an expeditious manner.  This Court, with all due respect, should not countenance what amounts to a fourth layer of appeal by so abruptly changing its established practice in setting execution dates.  Neither Grayson nor any other death-row inmate needs any greater opportunity to bring lawsuits than they already have; they have had years in which they could have brought these types of claims.  Routinely setting execution dates far into the future will only bless the tactic of seeking to delay the enforcement of Grayson's sentence.

   2.   <u>Grayson Has Previously Litigated a § 1983 Action.</u>

The Court's rejection of its established execution-date is even more objectionable here because Grayson has already litigated a § 1983 challenge to his sentence, (specifically requesting DNA testing).  <u>Grayson v. Pryor</u>, CV-02-BE-2800-S

(filed on November 15, 2002). Indeed, this Court refused on May 22, 2003, to set an execution date for Grayson (even though Grayson had exhausted his state and federal appeals) "pending a ruling on the motion for DNA testing pending in the United States District Court for the Northern District of Alabama." Exhibit D (this Court's Order of May 22, 2003). Even though Grayson's lawsuit was dismissed by the federal district court, Grayson took full advantage and (represented by prominent attorney David Boies) appealed his case to the Eleventh Circuit and then to the United States Supreme Court. See Grayson v. King, 460 F.3d 1328 (11th Cir. 2006), cert. denied, Grayson v. King, 127 S.Ct. 1005 (Jan. 8, 2007). Grayson has never offered an explanation for why he did not challenge Alabama's method-of-execution in his previously filed § 1983 action.

3. Grayson's Crime.

In addition, additional delay is particularly unwarranted here given the despicable nature of Grayson's crime. Grayson, along with co-defendant Victory Kennedy,[4] brutally robbed, raped, and murdered Annie Laurie Orr, an

---

[4] Victor Kennedy was executed on August 6, 1999. See Death Row U.S.A., Winter 2007, available at www.naacpldf.org.

86-year-old widow, over 27 years ago. Grayson v. Thompson,
257 F.3d 1194 (11th Cir. 2001). Grayson's and Kennedy's
crimes were characterized by the Court of Criminal Appeals
as the actions of "wild ravaging dogs of hell." Grayson v.
State, 479 So. 2d 67, 75-76 (Ala. Crim. App. 1984).
Grayson and his co-defendant beat Mrs. Orr and then placed
a pillowcase over her head and wrapped two pieces of
masking tape so tightly around her head so that when they
were finished her head then appeared (in Grayson's own
words) to be that of a mummy. Grayson, 257 F.3d at 1198.
Then, Grayson and his co-defendant raped Mrs. Orr
repeatedly. Id. Mrs. Orr lived through the assault of
being raped, beaten, threatened, unable to see or
adequately breathe, and begging her assailants not to hurt
her but to take the money and leave, for a considerable
period of time. Id. She then died. Id.

   4.   Grayson's Execution Should Be Set Expeditiously.

   Grayson has been on death row for the past 24 years.
Grayson's conviction and sentence have been affirmed at
every turn. See State's Motion to Set Execution Date
(reciting procedural history). Although Grayson's federal
habeas appeals concluded five years ago, see Grayson v.

Thompson, 536 U.S. 964 (2002), his duly-adjudicated sentence has still not been carried out.

On November 17, 2006, Grayson filed a second § 1983 complaint in federal court, this time challenging the manner of execution the State intends to use to carry out his death sentence. He filed this challenge over four years after Alabama changed its method of execution to lethal injection and approximately four years after his state and federal appeals were exhausted. Grayson's complaint, which is a "cookie-cutter" pleading, does not contain any statement regarding why he waited to file his § 1983 lawsuit. It seems clear that he is attempting to delay the imposition of his sentence.

The United States Supreme Court has ruled that the States have an overriding interest in the timely enforcement of its duly-adjudicated judgments in death-penalty cases. See Hill v. McDonough, 126 S.Ct. 2096, 2104 (2006)(quoting Nelson v. Campbell, 541 U.S. 637, 649-50, 124 S.Ct. 2117, 2126 (2004). This Court, which has twice rejected Grayson's challenges to his conviction and sentence, shares that same interest. It is time for Grayson to be held accountable for his brutal crimes. The

State respectfully requests this Court to reset Grayson's execution in accordance with its established practice.

Wherefore, for the foregoing reasons, the State of Alabama respectfully requests this motion be granted.

Respectfully submitted,

TROY KING
ATTORNEY GENERAL

J. CLAYTON CRENSHAW
ASSISTANT ATTORNEY GENERAL

## CERTIFICATE OF SERVICE

I hereby certify that on this the 7th day of May, 2007, I did serve a copy of the foregoing on the attorneys for the Petitioner, by placing the same in the United States Mail, first class, postage prepaid and addressed as follows:

Richard S. Jaffe, Esq.
Jaffe, Strickland & Drennan, P.C.
2320 Arlington Avenue
Birmingham, AL 35205

Stephen B. Bright, Esq.
William R. Montross, Jr.
83 Poplar Street, N.W.
Atlanta, GA 30303

J. CLAYTON CRENSHAW
ASSISTANT ATTORNEY GENERAL

ADDRESS OF COUNSEL:

Office of the Attorney General
Alabama State House
11 South Union Street
Montgomery, AL 36130
(334) 242-7423 Office
(334) 353-3637 Fax
ccrenshaw@ago.state.al.us

10

# EXHIBIT A

IN THE SUPREME COURT OF ALABAMA
September 25, 2006

1970629

Ex parte Larry Eugene Hutcherson.  PETITION FOR WRIT OF
CERTIORARI TO THE COURT OF CRIMINAL APPEALS  (In re: Larry
Eugene Hutcherson, alias Larry Eugene Bonner v. State of
Alabama)  (Mobile Circuit Court: CC-92-2955.80; Criminal
Appeals: CR-96-0733).

ORDER

The State of Alabama having filed a motion to set an
execution date, and the same having been submitted and duly
considered by the Court, it is considered that the motion to
set an execution date is due to be granted.

IT IS NOW ORDERED that Thursday, October 26, 2006 be
fixed as the date for the execution of the convict, Larry
Eugene Hutcherson, alias Larry Eugene Bonner, who is now
confined in the William C. Holman Unit of the Prison System
at Atmore, Alabama,

IT IS, THEREFORE, ORDERED that the Warden of the
William C. Holman Unit of the prison system at Atmore in
Escambia County, Alabama, execute the order, judgment and
sentence of law on October 26, 2006, in the William C.
Holman Unit of the prison system, by the means provided by
law, causing the death of such convict.

IT IS FURTHER ORDERED that the Marshal of this Court
shall deliver, within five (5) days from this date, a
certified copy of this order to the Warden of the William C.
Holman Unit of the prison system at Atmore, in Escambia
County, Alabama, and make due return thereon to this Court.

IT IS FURTHER ORDERED that the Clerk of this Court
shall transmit forthwith a certified copy of this order to
the following:  the Governor of Alabama, the Clerk of the
Court of Criminal Appeals, the Attorney General of Alabama,
the Commissioner of the Alabama Department of Corrections,
the attorney of record for Larry Eugene Hutcherson and the
Clerk of the Circuit Court of Mobile County, Alabama by
United States mail, postage prepaid.

\* \* \* \* \* \* \* \* \*

I, Robert G. Esdale, Clerk of the Supreme Court of Alabama, do hereby certify the foregoing is a full, true and correct copy of the judgment and order of the Supreme Court of Alabama directing the execution of the death sentence of Larry Eugene Hutcherson as the same appears of record in this Court.

Given under my hand and the seal of this Court on this date, September 25, 2006.

Robert G. Esdale
Clerk
Supreme Court of Alabama

IN THE SUPREME COURT OF ALABAMA
August 18, 2005

1851295

Ex parte John W. Peoples, Jr.  PETITION FOR WRIT OF CERTIORARI
TO THE COURT OF CRIMINAL APPEALS  (In re: John W. Peoples, Jr.
v. State of Alabama)  (Talladega Circuit Court; Criminal
Appeals: 7/277).

<u>ORDER</u>

The State of Alabama having filed a motion to set an
execution date, and the same having been submitted and duly
considered by the Court, it is considered that the motion to
set an execution date is due to be granted.

IT IS NOW ORDERED that Thursday, September 22, 2005, be
fixed as the date for the execution of the convict,
John W. Peoples, Jr., who is now confined in the William C.
Holman Unit of the Prison System at Atmore, Alabama.

IT IS, THEREFORE, ORDERED that the Warden of the
William C. Holman Unit of the prison system at Atmore in
Escambia County, Alabama, execute the order, judgment and
sentence of law on September 22, 2005, in the William C.
Holman Unit of the prison system, by the means provided by
law, causing the death of such convict.

IT IS FURTHER ORDERED that the Marshal of this Court
shall deliver, within five (5) days from this date, a
certified copy of this order to the Warden of the William C.
Holman Unit of the prison system at Atmore, in Escambia
County, Alabama, and make due return thereon to this Court.

IT IS FURTHER ORDERED that the Clerk of this Court shall
transmit forthwith a certified copy of this order to the
following: the Governor of Alabama, the Clerk of the Court of
Criminal Appeals, the Attorney General of Alabama, the
Commissioner of the Alabama Department of Corrections, the
attorney of record for John W. Peoples, Jr., and the Clerk of
the Circuit Court of Talladega County, Alabama, by United
States mail, postage prepaid.

I, Robert G. Esdale, Clerk of the Supreme Court of Alabama, do hereby certify the foregoing is a full, true and correct copy of the judgment and order of the Supreme Court of Alabama directing the execution of the death sentence of John W. Peoples, Jr., as the same appears of record in this Court.

Given under my hand and the seal of this Court on this date, August 18, 2005.



Robert G. Esdale
Clerk
Supreme Court of Alabama

IN THE SUPREME COURT OF ALABAMA
June 30, 2005

1980405

Ex parte George E. Sibley, Jr.    PETITION FOR WRIT OF
CERTIORARI TO THE COURT OF CRIMINAL APPEALS (In re: George E.
Sibley, Jr. v. State of Alabama) (Lee Circuit Court:
CC-93-954; Criminal Appeals: CR-93-1665).

, ORDER

The State of Alabama having filed a motion to set an
execution date, and the same having been submitted and duly
considered by the Court, it is considered that the motion to
set an execution date is due to be granted.

IT IS NOW ORDERED that Thursday, August 4, 2005, be fixed
as the date for the execution of the convict, George E.
Sibley, Jr., who is now confined in the William C. Holman Unit
of the Prison System at Atmore, Alabama.

IT IS, THEREFORE, ORDERED that the Warden of the
William C. Holman Unit of the prison system at Atmore in
Escambia County, Alabama, execute the order, judgment and
sentence of law on August 4, 2005, in the William C. Holman
Unit of the prison system, by the means provided by law,
causing the death of such convict.

IT IS FURTHER ORDERED that the Marshal of this Court
shall deliver, within five (5) days from this date, a
certified copy of this order to the Warden of the William C.
Holman Unit of the prison system at Atmore, in Escambia
County, Alabama, and make due return thereon to this Court.

IT IS FURTHER ORDERED that the Clerk of this Court shall
transmit forthwith a certified copy of this order to the
following: the Governor of Alabama, the Clerk of the Court of
Criminal Appeals, the Attorney General of Alabama, the
Commissioner of the Alabama Department of Corrections, the
attorney of record for George E. Sibley, Jr., and the Clerk
of the Circuit Court of Lee County, Alabama, by United States
mail, postage prepaid.

I, Robert G. Esdale, Clerk of the Supreme Court of
Alabama, do hereby certify the foregoing is a full, true and
correct copy of the judgment and order of the Supreme Court of
Alabama directing the execution of the death sentence of
George E. Sibley, Jr., as the same appears of record in this
Court.

Given under my hand and the seal of this Court on this
date, June 30, 2005.



Robert G. Esdale
Clerk
Supreme Court of Alabama

IN THE SUPREME COURT OF ALABAMA
April 26, 2005

1900321

Ex parte Jerry Paul Henderson.     PETITION FOR WRIT OF
CERTIORARI TO THE COURT OF CRIMINAL APPEALS   (In re: Jerry
Paul Henderson v. State of Alabama)   (Talladega Circuit Court:
CC 87-558; Criminal Appeals).

<u>ORDER</u>

The State of Alabama having filed a motion to set an
execution date, and the same having been submitted and duly
considered by the Court, it is considered that the motion to
set an execution date is due to be granted.

IT IS NOW ORDERED that Thursday, June 2, 2005, be fixed
as the date for the execution of the convict, Jerry Paul
Henderson, who is now confined in the William C. Holman Unit
of the Prison System at Atmore, Alabama.

IT IS, THEREFORE, ORDERED that the Warden of the
William C. Holman Unit of the prison system at Atmore in
Escambia County, Alabama, execute the order, judgment and
sentence of law on June 2, 2005, in the William C. Holman Unit
of the prison system, by the means provided by law, causing
the death of such convict.

IT IS FURTHER ORDERED that the Marshal of this Court
shall deliver, within five (5) days from this date, a
certified copy of this order to the Warden of the William C.
Holman Unit of the prison system at Atmore, in Escambia
County, Alabama, and make due return thereon to this Court.

IT IS FURTHER ORDERED that the Clerk of this Court shall
transmit forthwith a certified copy of this order to the
following: the Governor of Alabama, the Clerk of the Court of
Criminal Appeals, the Attorney General of Alabama, the
Commissioner of the Alabama Department of Corrections, the
attorney of record for Jerry Paul Henderson and the Clerk of

the Circuit Court of Talladega County, Alabama, by United States mail, postage prepaid.

I, Robert G. Esdale, Clerk of the Supreme Court of Alabama, do hereby certify the foregoing is a full, true and correct copy of the judgment and order of the Supreme Court of Alabama directing the execution of the death sentence of Jerry Paul Henderson as the same appears of record in this Court.

Given under my hand and the seal of this Court on this date, April 26, 2005.



Robert G. Esdale
Clerk
Supreme Court of Alabama

IN THE SUPREME COURT OF ALABAMA
March 17, 2005

1010462

Ex parte Mario G. Centobie.   PETITION FOR WRIT OF CERTIORARI
TO THE COURT OF CRIMINAL APPEALS   (In re: Mario Centobie v.
State of Alabama) (St. Clair Circuit Court: CC-98-67; Criminal
Appeals: CR-98-2056).

ORDER

The State of Alabama having filed a motion to set an
execution date, and the same having been submitted and duly
considered by the Court, it is considered that the motion to
set an execution date is due to be granted.

IT IS NOW ORDERED that Thursday, April 28, 2005, be fixed
as the date for the execution of the convict,
Mario G. Centobie, who is now confined in the William C.
Holman Unit of the Prison System at Atmore, Alabama.

IT IS, THEREFORE, ORDERED that the Warden of the
William C. Holman Unit of the prison system at Atmore in
Escambia County, Alabama, execute the order, judgment and
sentence of law on April 28, 2005, in the William C. Holman
Unit of the prison system, by the means provided by law,
causing the death of such convict.

IT IS FURTHER ORDERED that the Marshal of this Court
shall deliver, within five (5) days from this date, a
certified copy of this order to the Warden of the William C.
Holman Unit of the prison system at Atmore, in Escambia
County, Alabama, and make due return thereon to this Court.

IT IS FURTHER ORDERED that the Clerk of this Court shall
transmit forthwith a certified copy of this order to the
following: the Governor of Alabama, the Clerk of the Court of
Criminal Appeals, the Attorney General of Alabama, the
Commissioner of the Alabama Department of Corrections, the
attorney of record for Mario G. Centobie, and the Clerk of the
Circuit Court of St. Clair County, Alabama, by United States
mail, postage prepaid.

I, Robert G. Esdale, Clerk of the Supreme Court of Alabama, do hereby certify the foregoing is a full, true and correct copy of the judgment and order of the Supreme Court of Alabama directing the execution of the death sentence of Mario G. Centobie as the same appears of record in this Court.

Given under my hand and the seal of this Court on this date, March 17, 2005.



Robert G. Esdale
Clerk
Supreme Court of Alabama

IN THE SUPREME COURT OF ALABAMA
August 30, 2004

1031232

Ex parte State of Alabama    (In re: State of Alabama v. David
Kevin Hocker) (Henry Circuit Court: CC-99-124; Criminal
Appeals: CR-00-0453).

<u>ORDER</u>

The State of Alabama having filed a motion to set an
execution date, and the same having been submitted and duly
considered by the Court, it is considered that the motion to
set an execution date is due to be granted.

IT IS NOW ORDERED that Thursday, September 30, 2004, be
fixed as the date for the execution of the convict, David
Kevin Hocker, who is now confined in the William C. Holman
Unit of the Prison System at Atmore, Alabama.

IT IS, THEREFORE, ORDERED that the Warden of the
William C. Holman Unit of the prison system at Atmore in
Escambia County, Alabama, execute the order, judgment and
sentence of law on September 30, 2004, in the William C.
Holman Unit of the prison system, by the means provided by
law, causing the death of such convict.

IT IS FURTHER ORDERED that the Marshal of this Court
shall deliver, within five (5) days from this date, a
certified copy of this order to the Warden of the William C.
Holman Unit of the prison system at Atmore, in Escambia
County, Alabama, and make due return thereon to this Court.

IT IS FURTHER ORDERED that the Clerk of this Court shall
transmit forthwith a certified copy of this order to the
following: the Governor of Alabama, the Clerk of the Court of
Criminal Appeals, the Attorney General of Alabama, the
Commissioner of the Alabama Department of Corrections, David
Kevin Hocker and Michael A. Crespi, Esq., and the Clerk of the
Circuit Court of Henry County, Alabama by United States mail,
postage prepaid.

\* \* \* \* \* \* \* \*

I, Robert G. Esdale, Clerk of the Supreme Court of Alabama, do hereby certify the foregoing is a full, true and correct copy of the judgment and order of the Supreme Court of Alabama directing the execution of the death sentence of David Kevin Hocker as the same appears of record in this Court.

Given under my hand and the seal of this Court on this date, August 30, 2004.



Robert G. Esdale
Clerk
Supreme Court of Alabama

IN THE SUPREME COURT OF ALABAMA
June 21, 2004

1780688

Ex parte James Barney Hubbard.    PETITION FOR WRIT OF
CERTIORARI TO THE COURT OF CRIMINAL APPEALS    (In re: James
Barney Hubbard v. State of Alabama)    (Tuscaloosa Circuit
Court: 77-180; Criminal Appeals: 6 Div. 7.)

## ORDER

The State of Alabama having filed a motion to set an
execution date, and the same having been submitted and duly
considered by the Court, it is considered that the motion to
set an execution date is due to be granted.

IT IS NOW ORDERED that Thursday, August 5, 2004, be fixed
as the date for the execution of the convict, James Barney
Hubbard, who is now confined in the William C. Holman Unit of
the Prison System at Atmore, Alabama.

IT IS, THEREFORE, ORDERED that the Warden of the
William C. Holman Unit of the prison system at Atmore in
Escambia County, Alabama, execute the order, judgment and
sentence of law on August 5, 2004, in the William C. Holman
Unit of the prison system, by the means provided by law,
causing the death of such convict.

IT IS FURTHER ORDERED that the Marshal of this Court
shall deliver, within five (5) days from this date, a
certified copy of this order to the Warden of the William C.
Holman Unit of the prison system at Atmore, in Escambia
County, Alabama, and make due return thereon to this Court.

IT IS FURTHER ORDERED that the Clerk of this Court shall
transmit forthwith a certified copy of this order to the
following: the Governor of Alabama, the Clerk of the Court of
Criminal Appeals, the Attorney General of Alabama, the
Commissioner of the Alabama Department of Corrections, the
attorneys of record for James Barney Hubbard, and the Clerk of
the Circuit Court of Tuscaloosa County, Alabama, by United
States mail, postage prepaid.

* * * * * * * * *

I, Robert G. Esdale, Clerk of the Supreme Court of Alabama, do hereby certify the foregoing is a full, true and correct copy of the judgment and order of the Supreme Court of Alabama directing the execution of the death sentence of James Barney Hubbard, as the same appears of record in this Court.

Given under my hand and the seal of this Court on this date, June 21, 2004.



Robert G. Esdale
Clerk
Supreme Court of Alabama

IN THE SUPREME COURT OF ALABAMA
July 1, 2003

1871002

Ex parte Tommy Jerry Fortenberry.   PETITION FOR WRIT OF CERTIORARI TO
THE COURT OF CRIMINAL APPEALS   (In re: Tommy Fortenberry, alias v. State
of Alabama)   (Etowah Circuit Court: CC-85-516; Criminal Appeals:
·7/614).

ORDER

The State of Alabama having filed a motion to set an execution
date, and the same having been submitted and duly considered by the
Court, it is considered that the motion to set an execution date is due
to be granted.

IT IS NOW ORDERED that Thursday, August 7, 2003, be fixed as the
date for the execution of the convict, Tommy Jerry Fortenberry, who is
now confined in the William C. Holman Unit of the Prison System at
Atmore, Alabama,

IT IS, THEREFORE, ORDERED that the Warden of the William C. Holman
Unit of the prison system at Atmore in Escambia County, Alabama, execute
the order, judgment and sentence of law on August 7, 2003, in the
William C. Holman Unit of the prison system, by the means provided by
law, causing the death of such convict.

IT IS FURTHER ORDERED that the Marshal of this Court shall
deliver, within five (5) days from this date, a certified copy of this
order to the Warden of the William C. Holman Unit of the prison system
at Atmore, in Escambia County, Alabama, and make due return thereon to
this Court.

IT IS FURTHER ORDERED that the Clerk of this Court shall transmit
forthwith a certified copy of this order to the following:  the Governor
of Alabama, the Clerk of the Court of Criminal Appeals, the Attorney
General of Alabama, the Commissioner of the Alabama Department of
Corrections, the attorney of record for Tommy Jerry Fortenberry and the
Clerk of the Circuit Court of Etowah County, Alabama by United States
mail, postage prepaid.

* * * * * * * * *

I, Robert G. Esdale, Clerk of the Supreme Court of Alabama, do hereby certify the foregoing is a full, true and correct copy of the judgment and order of the Supreme Court of Alabama directing the execution of the death sentence of Tommy Jerry Fortenberry as the same appears of record in this Court.

Given under my hand and the seal of this Court on this date, July 1, 2003.



Robert G. Esdale
Clerk
Supreme Court of Alabama

# EXHIBIT B

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

DARRELL GRAYSON,                )
                                )
    Plaintiff,              )
                                )
v.                              )  No. 2:06-cv-01032-WKW
                                )
RICHARD ALLEN, et al.,          )
                                )
    Defendants.             )

## AFFIDAVIT OF CLAY CRENSHAW

I, Clay Crenshaw, do solemnly swear to the following facts:

1. I am an Assistant Attorney General presently assigned to the Capital Litigation Division. The Capital Litigation Division represents the State of Alabama in all appeals in state and federal court filed by a defendant who has been convicted of capital murder and sentenced to death.

2. On April 18, 2007, I read an article written by Phillip Rawls, see Exhibit A, that primarily discussed a ruling denying a stay of execution in the Aaron Jones case. The last sentence of the article mentioned another death-row inmate, Darrell Grayson. That sentence stated: "Darrell Grayson, who is on death row for a Shelby County

1

slaying, has had a June 7 execution set by the state
Supreme Court."

3.    The part of the article about Grayson surprised me
because I am usually informed by the Alabama Supreme Court
about the setting of execution dates before that
information is released to the press.   Because I had not
been informed by the Alabama Supreme Court about the
setting of Grayson's execution, I called Phil Rawls to ask
him how he received that information.   Mr. Rawls told me
that Robert Esdale, the Clerk of the Alabama Supreme Court,
had given him the information about Grayson's execution
date.

4.    On April 23, 2007, I received a call from Wayne
Jones, a staff attorney with the Alabama Supreme Court, who
informed me that Grayson's execution was set for July 26,
2007.    Jones told me further that the Justices of the
Alabama Supreme Court recently had a luncheon meeting with
some or all of the United States District Judges of the
Middle District.   At this meeting, the District Judges had
requested that the Alabama Supreme Court set execution
dates so that there would be enough time to litigate
lethal-injection challenges without the need for a stay of

execution.    The   day   after   I   spoke   with   Wayne   Jones,   I
called  John  Dobbs,  another  staff  attorney  with  the  Alabama
Supreme  Court,  who  confirmed  what  Jones  had  previously  told
me.

5.    On  April  23,  2007,  the  Alabama  Supreme  Court
entered  an  order  setting  Grayson's  execution  on  July  26,
2007,  93  days  from  the  entry  of  the  order.

I  declare  under  penalty  of  perjury  that  the  foregoing
is  true  and  correct.

EXECUTED  on  May  7,  2007.

_____
Clay Crenshaw

Sworn to and subscribed before me, a Notary
Public, this 7th day of May, 2007

Marie F. Newman
Notary Public, AL State at Large
My commission expires 10/16/08

3

# EXHIBIT C


Everything Alabama


Sponsored By:
JIM BURKE
GMC

Infirmary
Health System


The online home of The Birmin

Find local news, businesses and more with our **NEW SITE SEARCH**    **GO ▶**    

## NewsFlash
UP-TO-THE-MINUTE AP NEWS REPORTS
NewsFlash Home | More Alabama News

# Judge refuses to delay May 3 execution in Alabama

4/18/2007, 4:33 p.m. CDT

**By PHILLIP RAWLS**
**The Associated Press**

MONTGOMERY, Ala. (AP) — A federal judge has refused to stop the May 3 execution of Aaron Lee Jones, who attacked a Blount County family more than 28 years ago and has become one of the longest-serving inmates on Alabama's death row.

Jones sought to block his execution by challenging the constitutionality of Alabama's use of lethal injection, saying it poses an unjustifiable risk of extreme pain. But in an order signed Tuesday, U.S. District Judge Myron Thompson said Jones' challenge "is dilatory."

Jones' attorneys, Vincent FitzPatrick and Heather McDevitt of New York, did not immediately return phone calls seeking comment on whether they would appeal.

▼ Advertisement                              CONTINUE STORY

**News**
» Business
» NewsFlash
» Weather
» Politics
» Space/Tech
» Education
» Religion
» Crime
» Elections
» Gas Prices
» News Obituaries
» Paid Death Notices

**Site Tools**

✉ E-mail This
🖶 Print This
⇥ Search Site
📧 Newsletters

**Speak Up!**
• Talk About Current Events

Get The B
Jobs | Autos
All Classified
• More Giveaways


Jim B

ALL REM
2006 IS
ASCEN


www.jimb


WATERSTONE
Resorts & Vacation Homes

Brian Corbett, spokesman for the state Department of Corrections, said prison officials will proceed with plans for an execution in about two weeks.

State Attorney General Troy King, who had asked the Alabama Supreme Court

to set an execution date for Jones, said Wednesday, "It is time for long-delayed justice to be delivered."

Jones and a partner, Arthur Lee Giles, are on death row for the shooting and stabbing of three children, their parents, and their grandmother in Blount County on Nov. 10, 1978. The parents, Willene and Carl Nelson, died. Jones was convicted of capital murder and sentenced to death — first in 1979 and then in a retrial in 1982.

According to court records, Giles had worked for Carl Nelson and hoped to steal money from him. After some heavy drinking, Giles persuaded Jones to accompany him to the Nelson home in the Rosa community, where the attacks occurred.

Jones, 54, and Giles, 47, are among the longest-serving inmates on Alabama's death row at Holman Prison. Only two out of the 199 inmates on death row have been there longer, according to Department of Corrections records.

In November, when Jones was about to exhaust his normal death sentence appeals, he filed suit against state prison officials, challenging lethal injection. Thompson refused to grant a stay of execution, saying that Jones didn't file suit until four years after Alabama switched from the electric chair to lethal injection.

"Jones could have filed suit and discovered the alleged risks involved with lethal injection as a method of execution well before now," Thompson wrote.

Thompson also noted that Jones' suit came nearly 28 years after he was first convicted.

"The Nelson children, who in 1978 were not only themselves stabbed and shot, but watched their parents killed as well, are by now middle-aged. If the court were to stay execution today, and this litigation were to proceed to its end before this court and on appeal, these children could then reasonably wonder whether Jones' sentence will be carried out in their lifetimes," the judge wrote.

After Thompson issued his decision, the state attorney general described the attack on the Nelson family as "cruel and barbaric."

"Justice demands that the death penalty finally be imposed for these wicked murders," King said.

Jones' execution is not the only one scheduled in Alabama. Darrell Grayson, who is on death row for a Shelby County slaying, has had a June 7 execution set by the state Supreme Court.

On the Net:

List of death row inmaes at: http://www.doc.alabama.gov/deathrow.asp

 Print This        ✉ E-mail This

## MORE ALABAMA NEWS

- Man killed, woman injured in Munford shooting 4/18/2007, 4:35 p.m. CDT
- Judge refuses to delay May 3 execution in Alabama 4/18/2007, 4:33 p.m. CDT
- Little-known Greensboro farm makes high bid for state prison land 4/18/2007, 3:57 p.m. CDT
  - More Stories



MAI
CITY
CONNE

24T
ANNU
CONTEMP
ART FES

PRIZE
GIVEA

FROM OUR AD

>>
>> Best Condos In B
>> We sell the Lake
- Summit Realty Sou

• Advertise

Copyright 2007 Associated Press. All rights reserved.
This material may not be published, broadcast, rewritten, or redistributed.

**The Best Local Classifieds:** Jobs | Autos | Real Estate | Place An
Ad

**Special Home Delivery Offers!**

 The Birmingham News | The Huntsville Times | Press-Register

About Us | Help/Feedback | Advertise With Us

© 2007 Alabama Live LLC [al.com and gulflive.com] All rights reserved.
Use of this Site constitutes acceptance of our User Agreement and Privacy Policy.



# EXHIBIT D

IN THE SUPREME COURT OF ALABAMA
May 22, 2003

1830756

Ex parte Darrell Grayson.   PETITION FOR WRIT OF CERTIORARI TO THE COURT
OF CRIMINAL APPEALS   (In re: Darrell Grayson v. State of Alabama)
(Shelby Circuit Court: CC-81-043; Criminal Appeals: 7/3).

ORDER

    The State of Alabama having filed a motion to set an execution
date, and the petitioner having filed his response thereto, and the same
having been submitted and duly considered by the Court, it is ordered
that the motion to set an execution date is denied pending a ruling on
the motion for DNA testing pending in the United States District Court
for the Northern District of Alabama, Southern Division.

Houston, Lyons, Johnstone, Harwood, and Woodall, JJ., concur.

Moore, C. J., Brown, and Stuart, JJ., dissent.

I Robert G. Esdale, Sr., as Clerk of the Supreme Court
of Alabama, do hereby certify that the foregoing is
a full, true and correct copy of the instrument(s)
herewith set out as same appear(s) of record in said
Court.
Witness my hand this 22nd day of May, 2003

Robert D Esdale Srd

Clerk, Supreme Court of Alabama