IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

DARRELL GRAYSON,                    *
                                    *
        Plaintiff,                  *
                                    *
            v.                      *
                                    *
RICHARD ALLEN, Commissioner,        *
Alabama Department of Corrections,  *
                                    *
GRANTT CULLIVER, Warden,            *    Case No. 2:06-CV-01032-WKW
Holman Correctional Facility, and   *
                                    *
OTHER UNKNOWN EMPLOYEES             *
AND AGENTS,                         *
Alabama Department of Corrections,  *
                                    *
Individually, and in their          *
official capacities.                *
                                    *
        Defendants.                 *

## PLAINTIFF'S NOTICE OF FILING

Plaintiff Darrell Grayson gives Notice of Filing of the attached Petitioner's

Opposition to State of Alabama's Motion to Reset Execution Date.  This pleading was

filed in the Alabama Supreme Court on Wednesday, May 9, 2007.  Notice of the State's

Motion to Reset Execution Date was filed with this Court on May 8, 2007.  [Doc. #57 &

Doc. #59].

DATED:  May 11, 2007.

                        /s/ William R. Montross, Jr.
                        William R. Montross, Jr., #MON-064
                        Southern Center for Human Rights
                        83 Poplar Street, NW
                        Atlanta, GA 30303
                        wmontross@schr.org
                        Tel: 404-688-1202
                        Fax: 404-688-9440

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Plaintiff's Notice of Filing was filed on May 11, 2007, by using the CM/ECF system, which automatically provides notice to the following parties:

Troy King
Attorney General
Office of the Attorney General
11 South Union Street
Montgomery, AL 36130

J. Clayton Crenshaw
Assistant Attorney General
Office of the Attorney General
11 South Union Street
Montgomery, AL 36130

James W. Davis
Assistant Attorney General
Office of the Attorney General
11 South Union Street
Montgomery, AL 36130

/s/ William R. Montross, Jr.
William R. Montross, Jr.

# ATTACHMENT

## PETITIONER'S OPPOSITION TO STATE OF ALABAMA'S MOTION TO RESET EXECUTION DATE

Case No. 1830756

## IN THE SUPREME COURT OF ALABAMA

*Ex Parte* DARRELL GRAYSON          )
         Petitioner,          )
                         )
                         )
RE:  DARRELL GRAYSON          )
         Petitioner,          )
                         )
         v.          )
                         )
STATE OF ALABAMA          )
         Respondent.          )



### PETITIONER'S OPPOSITION TO STATE OF ALABAMA'S MOTION TO RESET EXECUTION DATE

The State makes an extraordinary and wholly inappropriate request to this Court.  It asks the Court to reset an execution date for Darrell Grayson.  It asks for a date sooner than the present one in order to cut off litigation that is ongoing in the United States District Court before the Honorable W. Keith Watkins. There is no reason to move up the execution date except to give the State the strategic advantage of putting its opponent to death before the District Court can hear and decide the issues before it.  Nothing has

changed since the Court set July 26 as the date for Mr.

Mr. Grayson's execution.  Darrell Grayson urges this

Court to deny the State's Motion to Reset Execution

Date (hereinafter "State's Motion").  In support of

Petitioner's Opposition to the State's Motion, Counsel

states as following:

1.    Mr. Grayson's constitutional challenge to

Alabama's method and practice of execution by lethal

injection is currently pending in United States

District Court.  There is a scheduled trial date: June

26, 2007.  That date is a month before Mr. Grayson is

scheduled to be executed, on July 26, 2007.  Attached

to this pleading, as Exhibit A, is the Scheduling Order

in Mr. Grayson's case.  The State failed to inform this

Court that there even is a trial date in Mr. Grayson's

case.

2.    The State also fails to inform this Court that

the process of discovery is well under way, continues

to advance rapidly, and has additionally benefited from

discovery already accumulated in the Jones case.

3.    The State's attempt to have this Court reset

Mr. Grayson's execution date is a completely improper

attempt to avoid that June 26th trial date by putting
him to death before then.  The State has already
petitioned the United States District Court many times
to forgo trial on the merits in Mr. Grayson's case.
Unsuccessful in each of these attempts before the
District Court, the State now tries before this Court.

4.    The State urges that the execution date be
moved up because of this Court' purported departure
from past practices, the State's "understanding" that
"the execution would be set for June 7, 2007," the fact
that Grayson previously litigated a § 1983 action, and
the "despicable nature" of Grayson's crimes.  None of
these reasons provide a basis for moving up an
execution date.

5.    As an initial matter, the State's contention
that this Court has an "established practice," State's
Motion, at p. 5, of setting execution dates no later
than 44 days from the date of this Court's order,
State's Motion, at p. 2, is, simply, wrong.  For
example, Glenn Holladay's execution date, set by this
Court in March of 2003, was 65 days from the date of
the order (attached as Exhibit B).  Raymond Brown's

execution date was 55 days from this Court's order (attached as Exhibit B).  The State imagines an established policy where there is none.

6.  If it were the case that this Court has purposely set the date of Mr. Grayson's execution far enough in advance so that lethal injection challenges could be heard before an execution without the need for entry of a stay of execution, the State offers no good reason for abandoning the practice as soon as it starts.  The State simply alleges that setting execution dates in the future "interferes with existing federal-court doctrine and practice."  Actually, it does not.  Providing enough time for the District Court to resolve pending matters before the execution date results in the orderly resolution of issues instead of the chaos and uncertainty that accompanies applications for stays.

7.  Not only does the State's argument fly in the face of real practicalities, it also turns the whole doctrine of "federal-state comity" on its head.  The State's Motion contains only one legal argument as follows:

> This Court's new practice – of extending
> execution dates without explanation – amounts
> to an implicit, across-the-board stay for all
> inmates raising lethal injection challenges.
> The practice is problematic because it
> undercuts one of the key criteria by which
> federal courts judge the propriety of inmates'
> §1983 complaints – namely, whether they were
> brought in time to allow for litigation
> <u>without the need for a stay</u>.

State's Brief at 4 (footnote omitted).

Any implication that federal law requires this Court to

change Mr. Grayson's execution date is utterly without

merit.  Consideration of a plaintiff's timeliness is

not "one of the key criteria by which federal courts

judge the propriety <u>of inmates' § 1983 complaints</u>."

(Emphasis added.)  Rather, under Supreme Court

precedent timeliness is an issue when a <u>stay</u> is sought;

there is a "presumption" against granting a <u>stay</u>, where

the stay is necessary because the § 1983 action was

brought too late for the claim to be considered without

such a stay:

> A stay is an equitable remedy, and "[e]quity
> must take into consideration the State's
> strong interest in proceeding with its
> judgment and … attempt[s] at manipulation."
> <u>Ibid</u>.  Thus, <u>before granting a stay</u>, a
> district court must consider not only the
> likelihood of success on the merits and the
> relative harms to the parties, but also the
> extent to which the inmate has delayed

unnecessarily in bringing the claim.  Given
the State's significant interest in enforcing
its criminal judgments, there is a strong
equitable presumption <u>against the grant of a</u>
<u>stay</u> where a claim could have been brought at
such a time as to allow consideration of the
merits without requiring entry of a stay.
(Citations omitted.  Emphasis added.)

<u>Nelson</u>, 541 U.S. 637, 649 (2004).  (<u>See also</u> <u>Hill</u>

<u>v. McDonough</u>, 126 S. Ct. 2096 (2006) (same).

8.    So issues of timing have nothing to do with

the "propriety" of an inmate's § 1983 suit.  They arise

only when a stay is in question.  Nothing in <u>Nelson</u>

requires this Court to set execution dates in a way

that creates the need for a stay.  Nothing in <u>Nelson</u> or

<u>Hill</u> requires this Court to set execution dates that

make it impossible for a federal court to hear a § 1983

method-of-execution claim without issuing a stay.

<u>Nelson</u> simply stands for the proposition that as a

matter of federal/state comity, the federal courts are

to be wary of granting stays <u>where the State has</u>

<u>ordered a date and the federal court's grant of a stay</u>

<u>would frustrate that order</u>.

9.    That is not the situation here – Grayson has a

June 26 trial date on his § 1983 claim and a July 26

execution date – and there is no federal interest to be

served by this Court's changing the current date to create a stay situation where one does not otherwise exist. Yet that is precisely what the State asks as part of its attempt to avoid having the constitutionality of its lethal injection procedures adjudicated. The entire notion of state/federal comity would be upended if state courts were required to set early execution dates so that, in turn, the federal courts were required to wrestle with a stay issue, and, perhaps, deny any relief as a result. This Court is acting entirely within its discretion when it sets execution dates that permit sufficient time for the merits of a § 1983 method-of-execution claim to be heard by a federal court without need of a stay.

10. By setting the date for Mr. Grayson's trial for June 26, 2007, a month before his scheduled execution date, the Federal District Court has shown nothing more than the utmost respect for comity and the State's interests. As scheduled, the Federal District Court can reach the merits of Mr. Grayson's claim without having to enter a stay of execution. If Mr. Grayson is successful in demonstrating the

unconstitutionality of Alabama's execution protocol, no person, including Mr. Grayson, should be executed until the State fixes its execution procedures. If Mr. Grayson fails, he will be executed on July 26, 2007. If a federal court's stay of execution is disfavored because it interferes with the State's interest in executing its criminal laws, see Nelson v. Campbell, 541 U.S. 637 (2004) the Federal District Court in Mr. Grayson's case has done everything possible to avoid that scenario.

11. As plainly wrong are the State's factual and legal arguments to this Court, far more troubling is the State's complete failure to recognize the multiple improprieties that occurred. The Clerk of the Alabama Supreme Court, according to the State's own contentions, State's Motion, Affidavit of Clay Crenshaw, at p. 2, leaked to the press confidential information from this Court's judicial conferences. The State then further affirms that a staff attorney of the Alabama Supreme Court gave certain information or "facts" to the Office of the Attorney General, and that the State then contacted another staff attorney of this

Court to "confirm" these "facts."  State's Motion,

Affidavit of Clay Crenshaw, at p. 2-3.  Mr. Grayson was

never contacted by this Court's staff attorneys and

notified of these "facts."  The impropriety of the

Clerk's Office purporting to release "information" from

confidential conferences by this Court and staff

attorneys disclosing "information" exclusively to the

Office of the Attorney General seemingly escapes the

State.

WHEREFORE, for the reasons stated above, and for

any other reasons this Court may discern, this Court

should deny the State of Alabama's Motion to Reset

Execution Date for Darrell Grayson.


Respectfully submitted,

William R. Montross, Jr.
Alabama Bar #MON-064
Southern Center for Human Rights
83 Poplar Street, NW
Atlanta, GA 30303
Tel: 404-688-1202
Fax: 404-688-9440

## CERTIFICATE OF SERVICE

I certify that on the 9th day of May, 2007, I

caused a copy of the attached pleading to be served by

HAND DELIVERY to the Office of the Attorney General and

addressed as follows:


      J. Clayton Crenshaw, Esq.
      Office of the Attorney General
      11 South Union Street
      Montgomery, AL 36130


                  Lisa Kung

EXHIBIT A

IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| DARRELL GRAYSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 2:06-cv-1032-WKW |
| ) | |
| RICHARD ALLEN, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## SCHEDULING ORDER

Please read this order carefully. These deadlines and responsibilities may not be changed without leave of court. All parties are expected to comply with each and every provision of this order in a timely manner, and extensions will be granted only in extraordinary and unforeseeable circumstances. Except as modified herein, the parties are also expected to comply with the Middle District's Local Rules and the Middle District's Guidelines to Civil Discovery Practice, both of which can be found at http://www.almd.uscourts.gov/.

**This is an unusual case, one which will not track this district's "uniform" scheduling order. The defendants' objection to expedited discovery and trial and other pending motions are or will be under advisement; however, until further rulings are made, the court expects the parties to continue to litigate this case with civility and celerity.**

Under Rule 16, Federal Rules of Civil Procedure, as amended, the Court is required to set a schedule for discovery and the filing of motions. Accordingly, it is ORDERED as follows:

TRIAL DATE. This cause is set for trial on **June 26, 2007,** in Courtroom 2-E of the Frank M. Johnson U. S. Courthouse Complex, Montgomery, Alabama.

PRETRIAL CONFERENCE. A pretrial conference is scheduled for **June 25, 2007, at 9:00 a.m.,** in Courtroom 2-E of the Frank M. Johnson U. S. Courthouse Complex, Montgomery, Alabama. Each party shall submit, for use by the court (the judge, law clerk, and courtroom deputy), three copies of the witness list, exhibit list, and notebook of pre-marked exhibits.

STATUS CONFERENCE. A telephone status conference will be held on **June 6, 2007, at 3:00 p.m. CDT.** Counsel for plaintiff shall be responsible for arranging the conference call.

PRETRIAL BRIEFS. The parties are not required to file trial briefs, but if they choose to do so, the briefs shall be filed on or before **June 22, 2007.**

**PROPOSED PRETRIAL ORDER.** The parties shall jointly prepare and the plaintiff shall submit the proposed pretrial order on or before **June 20, 2007**. The proposed order shall specify trial counsel, jurisdiction and venue, the pleadings allowed in the case, the contentions of the parties and issues to be tried, and stipulations by and between the parties. The proposed order may be e-mailed to propord_watkins @almd.uscourts.gov .

**PRETRIAL DISCLOSURES.** On or before **June 15, 2007**, the parties shall file their Rule 26(a)(3) witness lists, exhibit lists, and deposition designations. Any objections thereto shall be filed on or before **June 18, 2007**.

**DISPOSITIVE MOTIONS.** Dispositive motions, i.e., motions to dismiss or motions for summary judgment, shall be filed on or before **June 13, 2007**. A brief and all supporting evidence shall be filed with any such motion. In all briefs filed by any party relating to the motion, the discussion of the evidence in the brief must be accompanied by a specific reference, by page and line, to where the evidence can be found in a supporting deposition or document. Failure to make such specific reference will result in the evidence not being considered by the court. Responsive briefs shall be filed on or before **June 20, 2007**.

**DISCOVERY.** All fact discovery shall be commenced in time to be completed on or before **May 25, 2007**. All expert discovery, including the disclosure of the identity of ANY person who may be used at trial to present evidence under Rules 701, 702, 703, or 705 of the Federal Rules of Evidence, shall be commenced in time to be completed on or before **June 8, 2007**. Supplementation of discovery pursuant to Rule 26(e) is due on or before **May 30, 2007**.

**EXPERT REPORTS.** The parties shall provide the reports of retained experts or witnesses whose duties as an employee of the party regularly involved giving expert testimony, required by Rule 26(a)(2) of the Federal Rules of Civil Procedure, as follows:

From the plaintiff(s), on or before **May 30, 2007**.

From the defendant(s), on or before **June 4, 2007**.

The parties shall comply fully with all requirements of Rule 26(a)(2) in regard to disclosure of expert testimony.

**PLANNING REPORT**. Except to the extent of any conflict with the deadlines set out herein, the Discovery Plan contained in the Report of Parties' Planning Meeting **(Doc. # 42)** is adopted and incorporated herein.

DONE this 1st day of May, 2007.


_____/s/  W. Keith Watkins_____
UNITED STATES DISTRICT JUDGE


2

EXHIBIT B

IN THE SUPREME COURT OF ALABAMA
March 24, 2003

1880258

Ex parte Glenn Holladay.  PETITION FOR WRIT OF CERTIORARI TO THE COURT
OF CRIMINAL APPEALS   (In re: Glenn Holladay, alias v. State of Alabama)
(Etowah Circuit Court: CC-86-1057-DWS; Criminal Appeals: 7/913).

ORDER

The State of Alabama having filed a motion to set an execution
date, and the same having been submitted and duly considered by the
Court, it is considered that the motion to set an execution date is due
to be granted.

IT IS NOW ORDERED that Thursday, May 29, 2003, be fixed as the
date for the execution of the convict, Glenn Holladay, who is now
confined in the William C. Holman Unit of the Prison System at Atmore,
Alabama,

IT IS, THEREFORE, ORDERED that the Warden of the William C. Holman
Unit of the prison system at Atmore in Escambia County, Alabama, execute
the order, judgment and sentence of law on May 29, 2003, in the
William C. Holman Unit of the prison system, by the means provided by
law, causing the death of such convict.

IT IS FURTHER ORDERED that the Marshal of this Court shall
deliver, within five (5) days from this date, a certified copy of this
order to the Warden of the William C. Holman Unit of the prison system
at Atmore, in Escambia County, Alabama, and make due return thereon to
this Court.

IT IS FURTHER ORDERED that the Clerk of this Court shall transmit
forthwith a certified copy of this order to the following:  the Governor
of Alabama, the Clerk of the Court of Criminal Appeals, the Attorney
General of Alabama, the Commissioner of the Alabama Department of
Corrections, the attorney of record for Glenn Holladay and the Clerk of
the Circuit Court of Etowah County, Alabama by United States mail,
postage prepaid.

* * * * * * * * *

I, Robert G. Esdale, Clerk of the Supreme Court of Alabama, do hereby certify the foregoing is a full, true and correct copy of the judgment and order of the Supreme Court of Alabama directing the execution of the death sentence of Glenn Holladay as the same appears of record in this Court.

Given under my hand and the seal of this Court on this date, March 24, 2003.



Robert G. Esdale
Clerk
Supreme Court of Alabama

IN THE SUPREME COURT OF ALABAMA
November 21, 1997

1941150

Ex parte Raymond Eugene Brown.   PETITION FOR WRIT OF CERTIORARI TO THE COURT
OF CRIMINAL APPEALS (In re:  Raymond Eugene Brown v. State) (3/964)
(Montgomery Cir.Ct.No.: CC-87-1464) (Low'r.App.Ct.No.: 3/964) - DEATH PENALTY

<u>ORDER</u>

The State of Alabama having filed a motion to set an execution date, and
the same having been submitted and duly considered by the Court, it is
considered that the motion to set an execution date is due to be granted.

IT IS NOW ORDERED that Friday, January 16, 1998, be fixed as the date
for the execution of the convict, Raymond Eugene Brown, who is now confined in
the William C. Holman Unit of the Prison System at Atmore, Alabama,

IT IS, THEREFORE, ORDERED that the Warden of the William C. Holman Unit
of the prison system at Atmore in Escambia County, Alabama, execute the order,
judgment and sentence of law on Friday, January 16, 1998, in the William C.
Holman Unit of the prison system, by causing a current of electricity of
sufficient intensity to cause death to pass through the body of the convict,
until he is dead; and in so doing, will follow the rules prescribed by law.

IT IS FURTHER ORDERED that the Marshal of this Court shall deliver,
within five (5) days from this date, a certified copy of this order to the
Warden of the William C. Holman Unit of the prison system at Atmore, in
Escambia County, Alabama, and make due return thereon to this Court.

IT IS FURTHER ORDERED that the Clerk of this Court shall transmit
forthwith a certified copy of this order to the following:  the Governor of
Alabama, the Clerk of the Court of Criminal Appeals, the Attorney General of
Alabama, the Commissioner of the Alabama Department of Corrections, the
attorney of record for , and the Clerk of the Circuit Court of Montgomery
County, Alabama by United States mail, postage prepaid.

* * * * * * * *

I, Robert G. Esdale, Clerk of the Supreme Court of Alabama, do hereby
certify the foregoing is a full, true and correct copy of the judgment and

order of the Supreme Court of Alabama directing the execution of the death sentence of Raymond Eugene Brown, as the same appears of record in this Court.

Given under my hand and the seal of this Court on this date November 21, 1997.

Robert G. Esdale
Clerk
Supreme Court of Alabama