IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| DARRELL GRAYSON, | * |
| Plaintiff, | * |
| v. | * |
| RICHARD ALLEN, Commissioner, Alabama Department of Corrections, | * |
| GRANTT CULLIVER, Warden, Holman Correctional Facility, and | * Case No. 2:06-CV-01032-WKW |
| OTHER UNKNOWN EMPLOYEES AND AGENTS, Alabama Department of Corrections, | * |
| Individually, and in their official capacities. | * |
| Defendants. | * |

**PLAINTIFF'S MOTION TO CORRECT RECORD**

Plaintiff submits this Motion to Correct Record following representations by the State that, to their knowledge, no other court has ever permitted face-to-face depositions of members of the "execution team." Oral Argument before the Honorable Charles S. Coody, May 9, 2007, Defendants' Motion for a Protective Order (Doc. #55). That is not true. In fact, in case after case, plaintiffs were permitted to conduct face-to-face

depositions of individuals who were participants in the execution process, with similar and often less stringent protections than those proposed by Plaintiff in this case, and subsequently adopted by the Magistrate Judge. In support of this Motion, Counsel states as follows:

1.  As part of the discovery process, Plaintiff had noticed depositions for individuals identified as EMT-1, EMT-2, DOC-1, DOC-2, and RN. In response, Defendants filed, on May 4, 2007, a Motion for Protective Order (Doc. #55). Plaintiff filed Opposition to Defendants' Motion for Protective Order on May 8, 2007 (Doc. #58). On May 9, 2007, oral argument was heard by the Honorable Charles S. Coody, Chief United States Magistrate Judge.

2.  During the course of oral argument, counsel for the State represented that, to the best of his belief, no court had ever permitted face-to-face depositions of members of the "execution team" or other participants in the execution process. Subsequent review proves that not to be the case.

3.  Undersigned counsel contacted counsel across the nation who have litigated, or are currently litigating, claims regarding the constitutionality of lethal injection in their states. Subject to similar protections as adopted by the Magistrate Court in this case, no counsel divulged the name or identifying information of any person deposed, but

could confirm deponents by function, and that depositions of these deponents were conducted in person. See Affidavit of William R. Montross, Jr., May 13, 2007, at ¶ 3 (hereinafter "Montross Affidavit") (attached as Exhibit A).

4. Counsel in Morales v. Tilton, 465 F. Supp. 2d 981 (N.D. Cal. 2006) – a case where the United States District Court found California's method of execution by lethal injection unconstitutional because it created an undue and unnecessary risk of cruel and unusual punishment – indicated that he conducted multiple face-to-face depositions – not only of the current and previous warden – but of seven execution team members and two doctors who had witnessed California's last seven executions. Montross Affidavit, at ¶ 4. Counsel was permitted to depose, again face-to-face, all former and current medical personnel and those who administered the drugs for nearly all executions, and certainly the last seven executions. Montross Affidavit, at ¶ 4. To protect the identity of the deponents, counsel were ordered to keep confidential all identifying information learned during the course of the litigation. See Morales v. Woodford, No. 5:06-cv-00219-JF, Protective Order (N.D. Cal. April 3, 2006).

5. In Evans v. Saar, No. 1:06-cv-00149-BEL (D. Md. 2006), not only were multiple members of the execution team deposed in person, but

their testimony was preserved on videotape to later be used at trial. Counsel for plaintiff indicated that they took thirteen face-to-face depositions of current and former members of the state's execution team. These fact witnesses included members who administered the drugs, members who mixed the drugs, a certified nursing assistant who inserted the IV, a doctor who pronounced death, and individuals who supervised the process as it occurred. Montross Affidavit, at ¶5. According to papers filed listing witnesses plaintiff intended to actually call at trial, videotaped depositions were conducted and taken of (1) Contractual Team A; (2) Contractual Team B; (3) Contractual Team F; (4) Execution Commander; (5) Execution Team Commander; (6) Injection Team A; (7) Injection Team C; (8) Injection Team E; (9) Past Team Member M; and, (10) Past Team Member Z. See Evans v. Saar, No. 1:06-cv-00148-BEL, Schedule 2 to Proposed Joint Pretrial Order, Plaintiff's Witness List (D. Md. Sept. 6, 2006) (attached as Exhibit B). To protect the identity of the deponents, plaintiff listed witnesses who were members of the execution team by their generic identifiers, and otherwise redacted identifying information – including names, addresses, and telephone numbers – learned by counsel from public records and filings. Id. at p. 1, fn. 1.

6.   In Oklahoma, counsel assisting in the challenge to the state's method of execution by lethal injection also conducted in-person, videotaped depositions of execution participants, specifically, those who were involved in the chemical/drug preparation. Anderson v. Jones, No. 05-825-F (W.D. Okla. 2006); Montross Affidavit, at ¶ 6. Notably, the videotaped depositions included individuals who were employed by the department of corrections and individuals who were private contractors. Montross Affidavit, at ¶ 6.

7.   In Delaware, where depositions are scheduled to begin in late May, 2007, plaintiff will depose, in-person, individuals who mix and prepare the lethal cocktail, individuals who actually push the syringes injecting the drugs into the condemned, and a doctor who pronounces death. Montross Affidavit, at ¶ 7. In Virginia, counsel for plaintiff took multiple, face-to-face depositions of individuals intimately involved in the execution process, including the execution team leader. See Walker v. Johnson, No. 1:05-cv-934, Memorandum in Support of Plaintiff's Motion for Summary Judgment, at p. 2 (E.D. Va. April 12, 2006). The identity of these individuals was protected by reference to them as "Secret Witnesses 1, 2, 3 and 4 respectively." Id. at p. 2, fn. 2 (attached as Exhibit C). In a Louisiana state court, State v. Cain, No. 138,860-A (First Judicial District for Parish of Caddo, Louisiana), counsel was permitted to depose, in-person, three

Emergency Medical Technicians, one supervisory personnel, and two individuals responsible for "pushing the syringes" in a challenge to the state's lethal injection procedures. Montross Affidavit, at ¶ 8.

8. The point is simple. The Order of the Magistrate Judge in this case – permitting face-to-face depositions – is consistent with that of federal courts, and one state court, across this country. Face-to-face depositions are the default, not the exception. The interests of the states in preserving identities can be protected by appropriate measures. As found by Judge Coody: "There is no reason for the court to believe that the protective measures it will institute are insufficient to protect the parties." Order, May 11, 2007, at p. 5. This Court should adopt the findings of the Magistrate Court and permit the depositions to proceed in person; such a ruling would not be exceptional, but simply consistent with the holdings of numerous other courts engaged in similar litigation.

DATED: May 13, 2007

                        Respectfully submitted,

                        /s/ William R. Montross, Jr.

                        William R. Montross, Jr.
                        Stephen B. Bright, *pro hac vice*
                        Melanie Velez
                        Southern Center for Human Rights
                        83 Poplar Street, NW
                        Atlanta, GA 30303
                        sbright@schr.org
                        wmontross@schr.org
                        mvelez@schr.org
                        Tel: 404-688-1202
                        Fax: 404-688-9440

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Plaintiffs' Motion to Correct Record was filed on May 13, 2007, by using the CM/ECF system, which automatically provides notice to the following parties:

>Troy King
>Attorney General
>Office of the Attorney General
>11 South Union Street
>Montgomery, AL 36130
>
>J. Clayton Crenshaw
>Assistant Attorney General
>Office of the Attorney General
>11 South Union Street
>Montgomery, AL 36130
>
>James W. Davis
>Assistant Attorney General
>Office of the Attorney General
>11 South Union Street
>Montgomery, AL 36130

>/s/ William R. Montross, Jr.
>William R. Montross, Jr.

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| DARRELL GRAYSON, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | |
| | * | |
| RICHARD ALLEN, Commissioner, | * | |
| Alabama Department of Corrections, | * | |
| | * | |
| GRANTT CULLIVER, Warden, | * | Case No. 2:06-CV-01032-WKW |
| Holman Correctional Facility, and | * | |
| | * | |
| OTHER UNKNOWN EMPLOYEES | * | |
| AND AGENTS, | * | |
| Alabama Department of Corrections, | * | |
| | * | |
| Individually, and in their | * | |
| official capacities. | * | |
| | * | |
| Defendants. | * | |

## AFFIDAVIT OF WILLIAM R. MONTROSS, JR.

In support of Plaintiff's Motion to Correct Record, I, William R. Montross, Jr., do affirm to the following facts:

1. I am an attorney, licensed to practice in the States of Alabama, Georgia, New York, Pennsylvania, and Maryland, and admitted to this Court and the Eleventh Circuit Court of Appeals. I am employed by the Southern Center for Human Rights, located in Atlanta, Georgia, as a capital attorney.

In that capacity, I represent Mr. Darrell Grayson in his pending litigation before this Court.

2. On May 9, 2007, oral argument was heard by the Honorable Charles S. Coody, Chief United States Magistrate Judge, concerning Defendants' Motion for Protective Order. (Doc. #55) One of the issues before that court was the right of Plaintiff to take the depositions of EMT-1, EMT-2, DOC-1, DOC-2, and RN in person, as opposed to telephonic depositions. During argument, counsel for Defendants represented his belief that no other state, in similar litigation, has permitted face-to-face depositions of individuals involved in the execution procedure. Following this representation, I contacted counsel in various cases, nationwide, litigating the same issue as Mr. Grayson and inquired if they had conducted in-person, face-to-face depositions as part of the discovery process in their cases.

3. I was informed by all counsel that I contacted that because of confidentiality agreements in force in their cases, they could provide no information as to the identities of the persons deposed. However, all counsel were able to disclose deponents by their functions in the execution process, and whether those depositions were conducted face-to-face.

4. I was informed by counsel in <u>Morales v. Tilton</u>, 465 F. Supp.2d 981 (N.D. Cal. 2006), that multiple fact witnesses were deposed in person. Among the fact witnesses deposed were seven members of the execution team and two doctors who had witnessed multiple executions, including the executions of the last seven individuals put to death by the state of California. I was informed that the depositions of all former and current medical personnel and those who administered the drugs for nearly all of California's executions by lethal injection were conducted in person, face-to-face.

5. I was informed by counsel in <u>Evans v. Saar</u>, No. 1:06-cv-00149 (D. Md. 2006), that they took thirteen face-to-face depositions of current and former members of the execution team, including the members who administered the drugs, mixed the drugs, inserted the IV (certified nursing assistant), pronounced death (doctor), and oversaw the execution process as it occurred. I was further informed by plaintiff's counsel that the depositions were videotaped.

6. I was informed by counsel who had assisted in the matter of <u>Anderson v. Jones</u>, No. 05-825-F (W.D. Okla. 2006) that she personally took videotaped, face-to-face depositions of individuals who were involved in the preparation of the chemicals used by the state in the execution process. I

3

was further informed by this attorney that one of the deponents was employed by the state and/or department of corrections, and that the other deponent was a private contractor.

7.      I was informed by counsel participating in the litigation surrounding Delaware's method of execution by lethal injection that depositions are to begin in late May 2007, and that face-to-face depositions of members of the execution team who prepare the drugs and push the syringes are expected to be conducted. Furthermore, it is expected that the physician who pronounces death following the injection of the drugs will also be deposed in person.

8.      I was informed by counsel litigating the constitutionality of Louisiana's method of execution by lethal injection, in a state court proceeding, that counsel was permitted to conduct in-person depositions of three emergency medical technicians, one supervisory personnel and two individuals who were responsible for injecting the drugs into the condemned.

I declare under penalty of perjury that the foregoing is true and correct.

DATED: May 13, 2007

                                       _____
                                       William R. Montross, Jr.

Sworn to, and Subscribed Before Me, a Notary Public,
this 13th day of May, 2007.

_____
Notary Public, Georgia
My Commission Expires the 12th day of December, 2008.

5

# EXHIBIT B

## Schedule 2

## PLAINTIFF'S WITNESS LIST

A. At this time, Plaintiff expects to call the following witnesses.[1]

1. Commissioner Frank Sizer (by videotaped deposition[2])

2. Contractual Team A (by videotaped deposition)

3. Contractual Team B (by videotaped deposition)

4. Contractual Team F (by videotaped deposition)

5. Execution Commander (by videotaped deposition)

6. Execution Team Commander (by deposition)

7. Injection Team A (by videotaped deposition)

8. Injection Team C (by videotaped deposition)

9. Injection Team E (by videotaped deposition)

10. Past Team Member M (by videotaped deposition)

11. Past Team Member Z (by videotaped deposition)

12. Dorian Hall
    Mitigation and Investigative Section
    Office of the Ohio Public Defender
    8 East Long Street - 11th Floor
    Columbus, OH 43215
    (614) 466-5394

---

[1] Pursuant to the Protective Order governing this case, Plaintiff has listed witnesses who are members of the Execution Team by their generic identifiers, as filed with the Court on July 25, 2006 (Document No. 102). Although Local Rule 106.2.i requires addresses and telephone numbers for witnesses, Plaintiff has omitted the disclosed addresses for these individuals due to the Protective Order in this case.

[2] Plaintiff's deposition designations are listed in Schedule 4.

# EXHIBIT C

FILED

IN THE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

2006 APR 12  P 4: 48

CLERK US DISTRICT COURT
ALEXANDRIA, VIRGINIA

| | |
|---|---|
| DARICK DEMORRIS WALKER, ) | Case No. 1:05cv934 |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| GENE M. JOHNSON, Director, ) | **CERTAIN EXHIBITS FILED** |
| Commonwealth of Virginia ) | **UNDER SEAL** |
|    Department of Corrections, ) | |
| Richmond, Virginia, ) | |
| ) | |
| GEORGE M. HINKLE, Warden, ) | |
| Greensville Correctional Center, ) | |
| Jarratt, Virginia, ) | |
| ) | |
| WILLIAM PAGE TRUE, Jr., Warden, ) | |
| Sussex I State Prison, ) | |
| Waverly, Virginia, ) | |
| ) | |
| and ) | |
| ) | |
| UNKNOWN EXECUTIONERS. ) | |

**MEMORANDUM IN SUPPORT OF
PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

Submitted by:

David W. Ogden
Bradford M. Berry
Lara A. Englund (VSB # 40794)
Hannah S. Ard
Eric R. Columbus
Sanket J. Bulsara
Will L. Crossley, Jr.
WILMER CUTLER PICKERING HALE AND DORR LLP
2445 M Street, N.W., Washington, D.C. 20037
(202) 663-6000

US1DOCS 5608373v5

# STATEMENT OF MATERIAL FACTS
## AS TO WHICH THERE IS NO GENUINE ISSUE

Virginia uses three chemicals to execute inmates by lethal injection. Virginia Department of Corrections Execution Manual, Division Operating Procedures 426 dated July 1, 1997 ("DOP 426") at 7 (Exhibit 1, filed under seal and attached to Plaintiff's Motion to File Document Under Seal).[1] The first, sodium thiopental, is an anesthetic drug intended to sedate the inmate and prevent him from feeling any pain. Deposition of Dr. Mark Dershwitz (Mar. 28, 2006) ("Dershwitz Dep.") at 304:10-15 (Exhibit 3). The second, pancuronium bromide, causes paralysis of all voluntary muscles, *id.* at 233:5-12, while the third, potassium chloride—a chemical that would cause "agonizing pain" if administered without anesthesia—stops the inmate's heart, and is responsible for causing death, *id.* at 266:11-13.

Three members of the execution team, known as the "IV team," prepare syringes with the chemicals and set up and insert IV lines. *See* DOP 426 at 15; Defendants' Second Supplemental Response to Plaintiff's Amended Second Set of Interrogatories, No. 8 (Feb. 14, 2006) (Exhibit 4). The execution team leader, who is not a member of the IV team, remotely administers the chemicals from behind a closed curtain several feet away from the inmate. Deposition of Secret Witness 2 (Jan. 31, 2006) ("SW2 Dep.")[2] 22:19-24; 32:19-33:3 (Exhibit 5); Deposition of Secret Witness 3 (Jan. 31, 2006) ("SW3 Dep.") at 39:21-40:7 (Exhibit 6). While administering these

---

[1]    Consistent with the protective order in this case, Plaintiff has filed copies of DOP 426 under seal. *See* Protective Order, *Walker v. Johnson*, No. 05-0934 (E.D. Va. Dec. 9, 2005) (Jones, Mag. J.) (Exhibit 2).

[2]    Defendants asked that certain depositions be taken without revealing identifying information about certain witnesses. Without waiving any objections to this procedure, Plaintiff took four depositions anonymously. These deponents are referred to as Secret Witnesses 1, 2, 3 and 4 respectively, and are abbreviated as SW1, SW2, SW3, and SW4. Secret Witness 2 is the execution team leader.