IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| DARRELL GRAYSON, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | ) |
| | )   Case No. 2:06-CV-01032-WKW |
| | ) |
| RICHARD ALLEN, Commissioner, et al., | ) |
| | ) |
|     Defendants. | ) |

**DEFENDANTS' MOTION TO STRIKE AND OPPOSITION
TO PLAINTIFF'S "MOTION TO CORRECT RECORD"**

Defendants, pursuant to the Federal Rules of Civil Procedure, move to strike Plaintiff's "Motion to Correct Record" (doc. no. 64) and the Affidavit of William Montross attached thereto. In support of this motion, and as its statement in opposition to the Motion to Correct Record, Defendants state as follows:

1. In the hearing before the magistrate judge, the undersigned counsel for Defendants stated that to the best of his knowledge, "face-to-face" depositions had not been allowed of execution team members in similar lawsuits around the country. That was, in fact, the information available to the undersigned. Moreover, Defendants remain unable to find any published decision where a court expressly allowed "face-to-face" depositions of execution team members.

2. Grayson filed his "Motion to Correct Record" which claims that the representations of the undersigned were untrue, and includes hearsay testimony from unnamed lawyers who apparently claim that they were allowed to take "face-to-face" depositions of execution team members.

3.      The affidavit states that counsel for other inmates "informed" Mr. Montross that they took "face-to-face" depositions of execution team members in those other states.  Defendants object to the Motion to Correct and affidavit on grounds that it is the very definition of hearsay: "a statement made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted."  F.R.E. 801(c).  It is not admissible evidence.  F.R.E. 802.

4.      Defendants also object to the pleading and affidavit because there simply is not time for Defendants to properly respond or to conduct their own survey of counsel across the nation (the affidavit does not even give the names of the lawyers Mr. Montross interviewed).   In fact this inability to respond appropriately is another example of how the expedited schedule and Grayson's dilatoriness in filing the complaint has prejudiced Defendants, as "prejudice" is determined for purposes of laches.

5.      Plaintiff's motion should also be disregarded for what it does not include.  We do not know if the defendants in those other cases agreed to "live" depositions or if there was any dispute about the method of deposition.  There is no indication that the issue was submitted to the court.  We do not know if the other states involved guard the secrecy of their procedures and the identity of their officials with the same vigor that Alabama has done.  There simply is not a sufficient basis to give the hearsay statements any weight or consideration in the issue before the court, which is whether in <u>this</u> case Grayson can show a need to know what execution team members look like that somehow outweighs the State's interest in protecting their identity.

Therefore, Defendants respectfully move to strike Plaintiff's Motion to Correct Record and the Affidavit of William Montross.

**TROY KING (KIN047)**
**ATTORNEY GENERAL**
**BY:**

s/ JAMES W. DAVIS
J. Clayton Crenshaw  (CRE007)
James W. Davis  (DAV103)
Assistant Attorney General


OF COUNSEL:

Office of the Attorney General
11 South Union Street
Montgomery, AL 36130
(334) 242-7300
(334) 353-8440 Fax
Email: jimdavis@ago.state.al.us

**CERTIFICATE OF SERVICE**

      I hereby certify that on May 14, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:  **Richard S. Jaffe, Stephen B. Bright, Melanie Velez, Stephanie L. Cohen, Vincent R. Fitzpatrick, Jr., William Robert Montross, Jr., and Heather K. McDevitt.**

                                                               s/ JAMES W. DAVIS
                                                                OF COUNSEL