IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| DARRELL GRAYSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 2:06-cv-01032-WKW-CSC |
| | ) |
| RICHARD ALLEN, Commissioner, | ) |
| Alabama Department of | ) |
| Corrections, et al., | ) |
| | ) |
| Defendants. | ) |

**MOTION FOR CERTIFICATION PURSUANT TO 28 U.S.C. § 1292(b)**

Richard Allen and Grantt Culliver, defendants in this action, move this Court to certify a portion of its May 21, 2007, order for interlocutory appeal pursuant to 28 U.S.C. § 1292(b).[*] As grounds for this motion, the defendants state the following:

1. On May 21, 2007, this Court issued a memorandum opinion that, among other things, denied the defendants' contention that Grayson's complaint was time-barred because the relevant statute of limitations had expired prior to

---

[*] Grayson has appealed this Court's May 21, 2007 order under 28 U.S.C. § 1291. The State, as the prevailing party, and as the appellee in the Eleventh Circuit, may presumably defend this Court's judgment on any basis supported in the record. Holloman v. Jacksonville Housing Authority, 2007 WL 245555, *1 (11th Cir. 2007)(Slip Copy). However, given the Eleventh Circuit's uncertainty whether the statute-of-limitations issue was properly before it in Jones v. Allen, ---F.3d----, 2007 WL 1225393, *3 n.2 (11th Cir. Apr. 27, 2007), and in an effort to ensure that all material issues are before that Court in Grayson's case, the State respectfully seeks this certification.

the filing of the claim.  Doc. 77 at 9-10.  In rejecting the defendants' statute-of-limitations argument, this Court expressly adopted the reasoning employed in Jones v. Allen, ---F.Supp.2d----, 2007 WL 1140416, *3-8 (M.D. Ala. 2007). In Jones, United States District Judge Myron Thompson ruled that "in a case where the plaintiff seeks an injunction pursuant to 42 U.S.C. § 1983 to prevent an unconstitutionally tortious act from occurring in the future, such a claim cannot be barred by the statute of limitations because the tortious act has not yet occurred and the tort is not yet complete."  Id. at *6.

2.   This Court's order is ripe for interlocutory appellate review pursuant to 28 U.S.C. § 1292(b) because it (1) involves a controlling question of law, (2) as to which there is a substantial difference of opinion, and (3) an immediate appeal from the order may materially advance the ultimate termination of this litigation.  The defendants address each of the requirements in turn.

### Controlling question of law

3.   A controlling question of law will generally be a "question of law" as opposed to a factual inquiry.  See McFarlin v. Conseco Services, 381 F.3d 1251, 1257 (11th

2

Cir. 2004). In summarizing the history behind the enactment of § 1292(b), the Eleventh Circuit quoted a 1958 report published by the Judicial Conference of the United States Courts that recommended Congress pass a statute allowing interlocutory appeals. Id. at 1258. The report referenced a case involving a statute-of-limitations issue as the paradigm regarding why interlocutory appeals should be allowed. Id. at 1256. The Court noted that "[i]f an appeal under § 1292(b) had been available, the statute of limitations question could have been resolved earlier, preventing the necessity of a trial." Id. at 1257 n.1 (citing Austrian v. Williams, 198 F.2d 697 (2d Cir. 1952)). The McFarlin Court noted that the other example included in the report was a "motion to dismiss an antitrust action on statute of limitations grounds." Id. at 1257. The Court emphasized that "[t]hose two examples have in common that they involve potentially dispositive legal questions collateral to the merits that might render unnecessary a lengthy trial." Id.

4. There can be no real dispute that this Court decided the statute-of-limitations issue as a pure legal question. Doc. 77 at 9-10. This Court, in adopting the

3

relevant part of Jones, ruled that a claim cannot be barred by the statue of limitations if the plaintiff is requesting injunctive relief to prevent a future harm from occurring. Jones, *5-6.  The Court decided that part of the case without any consideration of factual matters.  Thus, "the controlling question of law" requirement is satisfied.

**Substantial Ground for Difference of Opinion**

5.   This requirement is met because this Court's order disagrees with the only reported decision of a federal appeals court addressing the issue regarding when a death row inmate's § 1983 method-of-execution challenge accrues for statute-of-limitations purposes.  See Cooey v. Strickland, 479 F.3d 412 (6th Cir. Mar. 2, 2007)). According to Cooey, federal law dictates that "accrual occurs when the plaintiff has [a] complete and present cause of action," that is, "when the plaintiff can file suit and obtain relief."  Cooey, 479 F.3d at 416 (quoting Wallace v. Kato, 127 S.Ct. 1091, 1095 (2007).  In answering when this occurs, the Cooey Court was "guided by the principle that a plaintiff has reason to know of his injury when he should have discovered it through the exercise of reasonable diligence."  Id. at 416 (internal citation and

4

punctuation omitted). The Court stated that "the most logical choice of a triggering event is the point when the death penalty is ordered, upon judgment of conviction and sentence." Id. at 418. To support its conclusion, the Cooey Court cited a Fifth Circuit decision that holds that a method-of-execution claim may be raised any time after the inmate's conviction becomes final on direct appeal. Id. (citing Neville v. Johnson, 440 F.3d 221,222 (5th Cir. 2006)). In addition, the Cooey Court emphasized that this triggering date mirrored the one found in 28 U.S.C. § 2244(d)(1)(A): "Upon conclusion of direct review in the state court or the expiration of time for seeking such review." Id. at 420. In Cooey's case, because Ohio adopted the lethal-injection method of execution after he exhausted direct review, the accrual date was adjusted to reflect the fact that Cooey could not have discovered his injury until he became aware that the State intended to execute him by lethal injection. Id. at 422. This Court, in adopting Jones, disagreed with Cooey because it does not believe the "statute of limitations applies to a case such as this one." Jones, at *4. Thus, there is a substantial ground for a difference of opinion in that the only court

5

of appeals to address this question ruled the statute of limitations applies to lethal-injection challenges whereas this Court ruled otherwise.

**Termination of the Litigation Will Be Advanced**

6.  The third requirement of § 1292(b) is the resolution of a "controlling question of law … that may materially advance the ultimate termination of the litigation."  The McFarlin Court stated that this requirement is not difficult to understand.  Id. at 1259.  This requirement "means that resolution of a controlling legal question would serve to avoid a trial or otherwise substantially shorten the litigation."  Id.  A favorable ruling on the statute-of-limitations issue would end the case without the necessity of a trial.  Although this Court has dismissed Grayson's lawsuit on other grounds, see Doc. 77 at 10-24, that part of this Court's holding could be reversed on appeal.  Thus, a resolution of the statute-of-limitations could then serve as an alternative ground to end this case.  Thus, the third requirement is satisfied.

7.  "To summarize, § 1292(b) appeals were intended, and should be reserved, for situations in which the court of appeals can rule on a pure, controlling question of law

6

without having to delve beyond the surface of the record in order to determine the facts." McFarlin, 381 F.3d at 1259. This is such a case.

Wherefore, for the foregoing reasons, the defendants respectfully request this Court grant this motion and certify this case for an interlocutory appeal.

    Respectfully submitted,

    **TROY KING (KIN047)**
    **ATTORNEY GENERAL**
    **BY:**


    /s/   J. Clayton Crenshaw
    J. Clayton Crenshaw  (CRE007)
    Assistant Attorney General


    /s/   James W. Davis
    James W. Davis  (DAV103)
    Assistant Attorney General

**CERTIFICATE OF SERVICE**

I hereby certify that on May 25, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:  **Richard S. Jaffe, Stephen B. Bright, Vincent R. Fitzpatrick, Jr., Heather K. McDevitt, Stephanie Cohen, William Robert Montross, Jr., and Melanie Velez.**

/s/  J. Clayton Crenshaw
J. Clayton Crenshaw
Assistant Attorney General

OF COUNSEL:

Office of the Attorney General
11 South Union Street
Montgomery, AL 36130
(334) 242-7300
(334) 353-8440 Fax
Email: ccrenshaw@ago.state.al.us
       jimdavis@ago.state.al.us