IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| DARRELL GRAYSON, | * | |
| Plaintiff, | * | |
| v. | * | |
| RICHARD ALLEN, Commissioner, Alabama Department of Corrections, | * | |
| GRANTT CULLIVER, Warden, Holman Correctional Facility, and | * | Case No. 2:06-CV-01032-WKW |
| OTHER UNKNOWN EMPLOYEES AND AGENTS, Alabama Department of Corrections, | * | |
| Individually, and in their official capacities. | * | |
| Defendants. | * | |

**PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION FOR CERTIFICATION PURSUANT TO 28 U.S.C. § 1292(b)**

Plaintiff opposes Defendant's Motion for Certification pursuant to 28 U.S.C. § 1292(b). On May 21, 2007, this Court dismissed Mr. Grayson's case and ordered the case file closed. Grayson v. Allen, Order, No. 2:06-cv-1032-WKW (N.D. Ala. May 21, 2007) [doc. #78]. Defendants now return to this Court, where Mr. Grayson's case is no longer pending, and move this Court to certify a question of law – the applicability of a statute of

limitations to Mr. Grayson's claim – for interlocutory review. Because this Court no longer has jurisdiction over this matter, and because 28 U.S.C. § 1292(b) governs interlocutory appeals from a <u>pending</u> district court case, this Court must DENY Defendants' Motion. In support of this Response, undersigned counsel states as follows:

    1.    On May 21, 2007, this Court issued a Memorandum Opinion [doc. #77] and a corresponding Order dismissing Mr. Grayson's case and directing the Clerk of the Court to enter this document on the civil docket and close the file [doc. #78]. On May 23, 2007, Plaintiff appealed this Court's dismissal of his case in its entirety by filing a Notice of Appeal to the United States Court of Appeals for the Eleventh Circuit [doc. #80], invoking appellate jurisdiction under 28 U.S.C. § 1291, which provides that the "courts of appeals shall have jurisdiction of appeals from all final decisions of the district courts of the United States." <u>Bankers Trust Co. v. Mallis</u>, 435 U.S. 381 (1978).

    2.    On May 25, 2007, two days after Mr. Grayson properly filed his Notice of Appeal, Defendants filed a Motion for Certification Pursuant to 28 U.S.C. § 1292(b) [doc. #81], with this District Court, seeking to have this Court certify the question – whether a statute of limitations applies to bar Mr. Grayson's claim – as an interlocutory appeal to the Court of Appeals for

the Eleventh Circuit. The same day, this Court issued an Order commanding Plaintiff to file a Response to Defendants' Motion on or before May 29, 2007 [doc. #82].

**I.   ONCE THIS COURT ISSUED ITS ORDER DISMISSING HIS CLAIMS AND MR. GRAYSON FILED HIS NOTICE OF APPEAL, THIS COURT WAS DIVESTED OF JURISDICTION OVER MR. GRAYSON'S CASE.**

3. This Court does not have the jurisdiction to consider Defendants' Motion. As an initial matter, it is clear that this Court dismissed all the claims raised by Mr. Grayson in his case. Not only was the Memorandum Opinion, issued on May 21, 2007, [doc. #77] considered by this Court and all parties to dispose of all of Plaintiff's claims, see Escamilla v. Santos, 591 F.2d 1086 (5th Cir. 1979) (district court lacks jurisdiction to entertain motion for attorneys' fees after district court issued memorandum opinion understood by parties to dispose of all issues), but this Court also entered, pursuant to Rule 58 of the Federal Rules of Civil Procedure, a separate document ordering the Clerk of the Court to enter judgment against Mr. Grayson in the civil docket [doc. #78]. By so doing, this Court complied with the requirements of Rule 4 of the Federal Rules of Appellate Procedure, and enabled Mr. Grayson to lay claim to jurisdiction in the Court of Appeals pursuant to 28 U.S.C. § 1291.

4.  Having entered its Memorandum Opinion and corresponding Order in this case on May 21, 2007, there were no issues remaining before this Court. Moreover, once this Court entered its Order and Plaintiff sought appellate review pursuant to 28 U.S.C. § 1291, this Court was divested of jurisdiction over Mr. Grayson's case. It is "generally understood that a federal district court and a federal court of appeals should not attempt to assert jurisdiction over a case simultaneously. The filing of a notice of appeal is an event of jurisdictional significance – it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." Griggs v. Provident Consumer Discount Co., 459 U.S. 56, 58 (1982). "It is a fundamental tenet of federal civil procedure that – subject to certain defined exceptions – the filing of a notice of appeal from the final judgment of a trial court divests the trial court of jurisdiction and confers jurisdiction upon the appellate court." In re Transtexas Gas Corp., 303 F.3d 571, 578-79 (5th Cir. 2002). See also, Kirtland v. J. Ray McDermott & Co., 568 F.2d 1166 (5th Cir. 1978) (filing of notice of appeal following judgment divests district court of jurisdiction). "In this case, judgment was entered on [May 21], and a timely notice of appeal was filed on [May 23]. The subsequent motion filed in the district court, therefore, was simply a nullity." U.S. v. Veteto, 945 F.2d 163, 165

4

(7th Cir. 1991). This Court no longer retains jurisdiction over Mr. Grayson's case – jurisdiction having been divested when Mr. Grayson sought appellate review on May 23, 2007 – and this Court cannot entertain Defendants' Motion for Certification.

**II.  28 U.S.C. § 1292(b) ONLY APPLIES WHEN THERE IS A PENDING CASE BEFORE THE DISTRICT COURT.**

4. By the plain language of 28 U.S.C. § 1292(b) itself, Defendants seek to invoke a process of appellate review that is applicable only when the case is currently pending before the district court – and not when the district court has issued an order or judgment terminating the case. 28 U.S.C. § 1292(b) governs interlocutory appeals – by its very definition, appeals of orders or rulings made by the district court prior to or during trial. See Simpson v. Carolina Builders Corp., No. 06-13923, 2007 WL 906429 (11th Cir. Mar. 27, 2007) (28 U.S.C. § 1292(b) permits appeals of <u>non-final</u> orders under limited conditions). Plaintiff has been unable to locate even one case, and Defendants cite none, where appellate review under §1292(b) was permitted after the district court had dismissed the case in its entirety. "It is [] apparent that the [] defendants have improperly moved this court for interlocutory certification of an immediately appealable final order []. In so doing, [] defendants have failed to follow the proper procedure for taking

5

appeal of a final order." Rentclub, Inc. v. Transamerica Rental Finance Inc., 806 F. Supp. 259, 260 (M.D. Fla. 1992).

5.   The Eleventh Circuit has repeatedly made clear that 28 U.S.C. § 1292(b) is a rule designed to promote judicial efficiency and economy by pre-terminating litigation in the district court before judgment is reached. "The proper division of labor between the district courts and the court of appeals and the efficiency of judicial resolution of cases are protected by the final judgment rule, and are threatened by too expansive use of the § 1292(b) exception to it." Moorman v. UnumProvident Corp., 464 F.3d 1260, 1272 (11th Cir. 2006) (quoting McFarlin v. Conseco Servs., LLC, 381 F.3d 1251, 1259 (11th Cir. 2004). Where the Court of Appeals for the Eleventh Circuit counsels against expansive use of the § 1292(b) interlocutory appellate process during pre-trial and trial litigation, Defendants seek to have this Court apply the exception after this Court has dismissed the case in its entirety and after this Court has divested itself of jurisdiction over the matter. Defendants' request has no basis in law.

6.   Even if this Court disagrees with Mr. Grayson, and asserts authority under 28 U.S.C. § 1292(b) to certify an issue for appellate review, Defendants have woefully failed to meet the necessary showing required by the statute prior to certification. Among other requirements, 28 U.S.C. §

1292(b) mandates that the party seeking review demonstrate – and the district court certify – that there is a controlling issue of law as to which there is substantial ground for difference of opinion. See Tidewater Oil Co. v. U.S., 409 U.S. 151, 164 (1972). There is no difference of opinion in the Eleventh Circuit. Both district courts that have considered the question whether there is a statute of limitations that bars Mr. Grayson's claim – Judge Thompson in Jones v. Allen, No. 2:06-cv-986-MHT, __ F. Supp. 2d __, 2007 WL 1140416 (M.D. Ala. April 17, 2007), and this Court in the instant case, Grayson v. Allen, No. 2:06-cv-01032 (M.D. Ala. May 21, 2007) (Memorandum Opinion) [doc. #77] – have answered in the negative. See Salim Oleochemicals, Inc. v. M/V Shropshire, 177 F. Supp. 2d 159 (S.D.N.Y. 2001) (no substantial difference of opinion where party failed to point to a substantial split among Second Circuit district courts on the issue). The only case relied upon by Defendants to manufacture a "substantial ground for difference of opinion" is the Sixth Circuit's 2-1 holding in Cooey v. Strickland, 479 F.3d 412 (6th Cir. 2007). However, disagreement among courts outside the Eleventh Circuit does not establish a substantial ground for difference of opinion. See e.g., Ryan, Beck & Co., LLC v. Fakih, 275 F. Supp. 2d 393, 398 (E.D.N.Y. 2003); Marlin v. U.S. Trustee, 333 B.R. 14, 21 (W.D.N.Y. 2005). Moreover, one decision – from a Sixth Circuit split-panel

7

whose judgment awaits possible <u>en banc</u> review – hardly constitutes a "substantial" difference of opinion. Even if 28 U.S.C. § 1292(b) applied in the instant case, Defendants' reliance on one, out-of-circuit case to assert the existence of a substantial ground for difference of opinion falls far short.

WHEREFORE, counsel for Plaintiff requests that this Court DENY Defendants' Motion for Certification Pursuant to 28 U.S.C. § 1292(b).

Date: May 29, 2007

/s/ William R. Montross, Jr.

Stephen B. Bright, *pro hac vice*
William R. Montross, Jr., #MON-064
Melanie Velez
Southern Center for Human Rights
83 Poplar Street, NW
Atlanta, GA 30303
sbright@schr.org
wmontross@schr.org
Tel: 404-688-1202
Fax: 404-688-9440

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing Plaintiff's Response to Defendants' Motion for Certification Pursuant to 28 U.S.C. § 1292(b) was filed on May 29, 2007, by using the CM/ECF system, which automatically provides notice to the following parties:

>Troy King
>Attorney General
>Office of the Attorney General
>11 South Union Street
>Montgomery, AL 36130
>
>J. Clayton Crenshaw
>Assistant Attorney General
>Office of the Attorney General
>11 South Union Street
>Montgomery, AL 36130
>
>James W. Davis
>Assistant Attorney General
>Office of the Attorney General
>11 South Union Street
>Montgomery, AL 36130

/s/ William R. Montross, Jr.
William R. Montross, Jr.